## CONGAR and another vs. THE CHICAGO AND NORTH-WESTERN RAILWAY COMPANY.

RAILROAD COMPANY: *Liability as common carrier for goods mis-sent—When chargeable with knowledge of facts known to some of its agents.*

1. A railroad company held not liable for a mistake made by its agent in Chicago, Ill., in forwarding goods directed to a point near the line of its road in Iowa (such agent having used due care and diligence), although its agents *in Iowa* knew the proper route for sending the goods.
2. Where the mistake arose from plaintiff's failure to mark the goods with the name of the *county*, as well as town (there being two towns in the state of like name), or to indicate the nearest railway station or the proper line of road: *Held*, that plaintiff was guilty of *contributory negligence*.

APPEAL from the Circuit Court for *Walworth* County.

The plaintiffs shipped, by defendant's road, trees and other nursery stock from Whitewater, in this state, directed to "Iuka, Iowa," the consignees being resident in a village of that name in Tama county, Iowa. At Chicago, the goods were shipped by defendant's agents, by the Chicago, Burlington and Quincy Railroad company, and, at Quincy, were transferred to the Quincy and Missouri railway, by which they were transported to Iuka, in Keokuk county, Iowa. In consequence of this mistake, they are alleged to have become worthless, and this action was brought to recover damages. Certain averments of the complaint and answer will be found recited in the second paragraph of the opinion, *infra*. A demurrer to the answer was sustained, and defendant appealed.

*A. A. Jackson*, for appellant:

1. The general principle that notice to an agent is notice to his principal is subject to limitations. It must be such notice or knowledge that the agent is obliged to at once make it known to his principal. *Bank of United*

*States v. Davis*, 2 Hill, 451, 461; 4 Rawle, 229; 4 Watts and S. 306; 6 Whart. 23; 4 Paige, 136, 137; Story on Agency, §§ 140*a*, 140*b*, and note, 208, and note. It must have been received "while acting for the principal in the very transaction which becomes the subject of the suit." 2 Kent's Comm. 630, note (1); *National Bank v. Norton*, 1 Hill, 572; 2 id. 451, 461; *Fulton Bank v. N. Y. & S. C. S. Co.*, 4 Paige, 127; Paley on Agency, 262, note (A); 1 Parsons on Con. 74, note (P); *The President v. Cornen*, 37 N. Y. 320; 5 Hill, 101; 13 S. & M. 238; Angell & Ames on Corp. §§ 307, 308. It must be such notice or knowledge that the agent is required to act upon it, or with reference to it. 4 Paige, 136, 137. The reason of the rule is, that the principal is deemed to be present and acting by his agent in the particular transaction; but, when the agent is absent, and knows nothing of the transaction, the rule has no application. 2. The extraordinary responsibility imposed upon common carriers by law, in the case of the loss of goods, does not extend to delays. It is sufficient, if, in guarding against delays, they exercise such care and diligence as a prudent man would exercise in the management of his own business. 2 Redfield on Railways, 164; Angell on Carriers, § 289; Story on Bailments, §§ 11 et seq., and 548*a*; 2 Parsons on Con. (5th ed.) 185; *Parsons v. Hardy*, 14 Wend. 215; *Wibert v. New York & Erie Railway Company*, 12 N. Y. 245, 251. The defendant was required only to exercise a reasonable degree of care in ascertaining, from the marking upon the boxes, the destination of the trees. *Congar v. Chicago & G. U. Railway Company*, 17 Wis. 477, 484; 6 Hill, 160; 18 Vt. 140; 23 id. 214, and note.

*Murphey & Cravath*, for respondent, argued, among other things, that notice to an agent is notice to the principal. *Fulton Bank v. New York & Sharon Canal Company*, 4 Paige, 127; *Bank of United States v. Davis*, 2 Hill, 452; *McEwen v. Mutual Insurance Co.*,

Congar and another vs. The Chicago and Northwestern Railway Company.

5 id. 101 ; *National Bank v. Norton*, 1 id. 578 ; *North River Bank v. Aymar*, 3 id. 274 ; *Griffith v. Griffith*, 1 Hoff. Ch. 153 ; *Boggs v. Lancaster Bank*, 7 W. & S. 331 ; *Ingalls v. Morgan*, 10 N. Y. 188.    3.  Receiving the goods marked "Iuka, Iowa," a place on its own route (as is alleged in the complaint, and not denied in the answer), defendant thereby contracted to deliver them at that place within a reasonable time. *Illinois Central Railroad v. Copeland*, 24 Ill. 337 ; Am. Law Review, Jan., 1867, p. 346 ; *Illinois Central Railroad Company v. Johnson*, 34 Ill. 389 ; *Graff v. Bloomer*, 9 Pa. St. 114 ; Bonney on Railroad Carriers, 169, 250, 318 ; *Sanquer v. London Railroad*, 32 Eng. L. & E. 338 ; *Illinois Central Railroad Company v. Cowles*, 32 Ill. 120.    "When a common carrier undertakes to deliver articles at a certain place, he cannot allege ignorance, want of skill, or any excuse arising from human fault or weakness, as a defense." *Harrel v. Owens*, 1 Dev. & Bat. 273.

Dixon, Ch. J.  The decision of the court below, as shown by the written opinion of the learned judge found in the printed case, turned upon the point that, for the purpose of charging the company with negligence in shipping the goods over the wrong road, notice to any of its agents was notice to the company.   In other words, the court held, that the knowledge of the agents residing in the state of Iowa, and transacting the business of the company there, of a place in that state named Iuka, and that goods destined for that place were to be deposited at the nearest station on the line of the company's road, called Toledo, was the knowledge of the company, so as to make the company responsible for any injury resulting from the mistake of its agents residing and transacting its business at the city of Chicago, in the state of Illinois, in forwarding the goods from the latter place by another railroad, instead of over the company's own road, although such mistake occurred without any

negligence whatever on the part of the agents making it; but, after they had taken reasonable and proper care to ascertain the route by which the goods should be forwarded, and had forwarded them in accordance with the information so obtained. This, we think, was an erroneous application of the doctrine that notice to the agent is notice to the principal. Such notice, to be binding upon the principal, must be notice to the agent when acting within the scope of his agency, and must relate to the business, or, as most of the authorities have it, the *very* business, in which he is engaged, or is represented as being engaged, by authority of his principal. It must be the knowledge of the agent coming to him while he is concerned for the principal, and in the course of the very transaction which is the subject of the suit, or so near before it that the agent must be presumed to recollect it. Story on Agency, § 40, and 2 Kent's Com. 630, and *note*, and cases cited. Notice, therefore, to the agents in Iowa, distant some two or three hundred miles from the city of Chicago, who had distinct duties to perform, and were not at all concerned in the business of forwarding the goods from Chicago, was not such notice as will bind the company in relation to that business, the same having been transacted by other agents, who had no such notice. This seems very clear, when we consider the reason and ground upon which this doctrine of constructive notice rests. The principal is chargeable with the knowledge of his agent, because the agent is substituted in his place, and represents him in the particular transaction; and it would seem to be an obvious perversion of the doctrine, and to lead to most injurious results, if, in the same transaction, the principal were likewise to be charged with the knowledge of other agents, not engaged in it, and to whom he had delegated no authority with respect to it, but who were employed by him in other and wholly different departments of his business.

The complaint charges that the place called Iuka, in Tama county, Iowa, to which the goods were intended to be sent, was known to the agents of the company residing and doing business along the line of its road in the state of Iowa, and that the station where such goods were to be deposited was Toledo. The answer alleges that the same place was unknown to the officers and agents of the company at Chicago; that they were informed that said Iuka was situated in Keokuk county, in the state of Iowa, and near the line of the Burlington and Missouri railroad; that they examined a map of Iowa used by shippers, and kept in the office of defendant, for the purpose of ascertaining where said Iuka was situated; and that said map represented said Iuka as being in Keokuk county aforesaid. The answer further alleges that the goods were directed to "C. E. Cox, Iuka, Iowa," without giving the name of the county, or other directions to indicate to what part of the state, or to what railroad station in the state, the same were consigned, or by what line of railroad the same were to be forwarded. It appears to this court, therefore, upon the pleadings, that no cause of action for negligence is stated against the company, but that, if there was negligence on the part of any one, it was upon the part of the plaintiff in not having marked the goods with the name of the county, or otherwise with that of the railway station, or with the line of road by which they were to be sent. The demurrer to the answer should, therefore, have been overruled; and the order sustaining it must be reversd, and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.