STIMSON *v.* JACKSON *& a.*

Evidence of usage known or presumed to be known to the parties, in the delivery of parcels by express carriers, is competent on the question of the understanding of the parties to a contract for carriage and delivery at destination.

Carriers are not liable for a misdelivery made through a mistake in the direction of a parcel, if such mistake is not known to the carrier, and he delivers the parcel according to the direction, and the known course of business at the place of destination.

CASE, against the defendants as common carriers.   June 6, 1874, at Portsmouth, the plaintiff delivered to the defendants, express carriers between Portsmouth and Boston, to be forwarded to Boston, a package containing money, a note, and check, and took this receipt:

"JACKSON & Co.'s EXPRESS, Portsmouth, June 6, 1874.
" Received of M. V. B. Stimson, two hundred sixty-two $\frac{65}{100}$ dollars, directed J. A. Bacon, Boston, which the Jackson & Co.'s Express agree to forward and deliver at destination, if within their route."

The package was directed to J. A. Bacon, 37 Bromfield st., Boston. He did not do business at 37 Bromfield st., and was not personally present there to receive the package, but had a place of business at another number in said street.   The defendants delivered the package at No. 37 Bromfield st., occupied at the time by one Brigham as a dining saloon.   Unable to find Bacon, they left the package with Brigham for him.   Bacon, calling on the defendants, was directed to Brigham's, found there the package containing the note and check, but no money, refused to receive it, and returned the same to the defendants, who still hold it, and offered to return it to the plaintiff. The defendants offer to prove an established custom of express carriers to deliver packages to the proprietor of the place named in the direction, whenever the person to whom the package is addressed is not there found, and that such delivery satisfies the terms of their undertaking.

*Frink,* for the plaintiff.

*Hatch,* for the defendants.

ALLEN, J.   The liability of common carriers continues until delivery of the goods at their destination.   *Harris* v. *Rand,* 4 N. H. 555 ; *Smith* v. *Nashua & Lowell Railroad,* 27 N. H. 86 ; *Hyde* v. *Trent & Mersey Nav. Co.,* 5 Term 389 ; *Ostrander* v. *Brown,* 15 Johns. 39 ; 2 Pars. Con. 183 ; 2 Kent Com. 787.   The terms of an express contract cannot be varied by evidence of established usage—*Foye* v. *Leighton,* 22 N. H. 71 ; but a usage that is known to the parties, or so established and settled, or so uniformly acted on, and so notorious as to be presumed to be known to the parties, may be given in evidence as to their understanding of the terms of the contract and the mode of its performance.   *Johnson* v. *Concord Railroad,* 46 N. H. 213 ; *Gray* v. *Jackson,* 51 N. H. 9 ; Redf. on Carr. 222.   The agreement in this case was expressed and in writing, and evidence of usage would

not be competent to vary its terms; but if such usage was known to the plaintiff, or was so established and notorious as to be presumed to be known to him, and that he contracted in reference to it, evidence of it, and that the defendants delivered the package according to such usage, might be introduced to show his understanding of the mode of delivery by the defendants, and that they had performed the contract according to its terms. If the misdirection of the package was not through the fault of the defendants, and if they were in no fault for not knowing or discovering such misdirection before delivery, and the consequences of which they could not reasonably avoid, they ought not to suffer for the plaintiff's fault or mistake, provided they made delivery according to the direction and to known usage. *Congar* v. *Chicago & N. W. Railway Co.*, 24 Wis. 157.

*Case discharged.*

DOE, C. J., did not sit.