# J. B. Hirschfield Company v. Vanhoose Grocery Company.

(Decided December 17, 1926.)

## Appeal from Johnson Circuit Court.

1. Sale—Loss of Goods Held Caused by Negligence of Carrier's or Buyer's Agent in Reshipping on Rejection to Wrong Address, and Hence Not Chargeable to Seller.—In action for purchase price of hose, allegations of answer, bill of lading filed therewith, and

evidence held to show, as matter of law, that loss of hose was caused by reshipment on rejection thereof to wrong address, because of negligence of agent of either buyer or carrier in altering correct address on bill of lading, and hence not chargeable to plaintiff.

2. Sales—Purchaser Improperly Addressing Goods Reshipped to Seller, with Resulting Loss Thereof, has no Defense to Action for Purchase Price.—Purchaser incorrectly addressing goods delivered to carrier for reshipment to seller on rejection thereof, as result of which they are lost, has no defense against recovery of purchase price by seller.

3. Carriers—Delivery to Carrier of Goods Consigned to Third Party Creates no Contractual Relation Between Latter and Carrier.— One cannot, ordinarily, make another his agent, without knowledge of transaction from which alleged agency grows, but delivery to carrier of goods consigned to one who is not a party to contract of shipment creates contractual relation between shipper and carrier, not between latter and consignee.

KIRK, KIRK & WELLS for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In 1920 J. B. Hirschfield was a manufacturer's agent and commission merchant, doing business at 349 Broadway, New York City, under the firm name of J. B. Hirschfield Company. The appellee was at the time a corporation engaged in the operation of a wholesale general store at Paintsville.

On the 2nd of November, 1920, appellant caused to be delivered to appellee at Paintsville a consignment of hose, the purchase price of which was $360.00.

In this action for the purchase price the defendant's answer admits that it received the shipment on November 2nd, 1920, but that upon an inspection of the same it found that the shipment did not contain the kind, character, or quality of goods purchased by defendant, or ordered by it, and that accordingly on November 23, 1920, defendant returned the goods to the plaintiff and refused to pay for the same, or any part thereof. The defendant filed with its answer a bill of lading showing the receipt by the C. & O. R. R. Co. at Paintsville on November 23, 1920, of the hose for reshipment, with the destination of same stated as "Philadelphia, Pa."

Without demurrer, the reply denied that the shipment of hose was not the kind, character or quality of goods purchased by defendant, or had not been ordered by it; and denied that defendant on November 23, 1920, or at any time returned the hose to plaintiff, or to any one for him, or that defendant had any right to return the same at that or any time.

So that the pleadings and exhibits filed therewith disclose that the reshipment of hose had been made to "Philadelphia, Pa.," while the evidence without contradiction is that plaintiff's place of business was in New York City, and that it had no place of business in Philadelphia, and that defendant's officers and agents knew its correct address. The evidence likewise disclosed that the shipment had been taken to Philadelphia, and no consignee of that name being found there, they were stored in a warehouse, and before this action was brought, without knowledge of plaintiff, the goods had been sold for storage charges, and title thereto passed to others. In other words, even if defendant had the right at the time it undertook to return the goods to do so, it had returned them by mistake or oversight to the wrong destination, and they had never in fact been returned to the seller, and so far as this transcript discloses no notice of their attempted return was given to the seller. The evidence also discloses that defendant was a heavy shipper, and had a custom of preparing at its office its own bills of lading in triplicate, one to be retained by it, one to be delivered to the carrier, and presumably one to the shipper's drayage or other agent who conveyed the same from its place of business to the carrier's station. The carbon copy in possession of the carrier is filed by its employees who handled this shipment, and it appears on its face to disclose that it was originally addressed to "New York, N. Y.," and apparently a blue carbon paper used in making such copy; but there is written over the words "New York, N. Y.," in heavy black pencil marks the words "Philadelphia, Pa." There is nothing to show when this change was made, except that the railroad employee handling the shipment says he did not make the change, and does not know who did; but that he would not have shipped the goods to Philadelphia if they had been consigned to New York when he received the bill of lading.

So that the evidence shows the original preparation by defendant of the bill of lading directed to the proper destination, while the copy of the bill filed with the answer and by the railroad employee shows the address had been changed by some one before it reached the railroad station; or at any rate that the altered address was made either by some agent or employee of the shipper, or by some agent of the carrier. The appellant was the consignee of these goods without notice that they were being shipped, and obviously could have had nothing to do with their reshipment.

Whether, therefore, the alteration in the address was made by the shipper or his agent, or by the carrier or its agent, the fact remains that because of such negligence upon the part of one or the other the loss of the goods was brought about, and in no event under the facts disclosed, can such loss be made chargeable to the plaintiff.

Where the carrier receives from the shipper goods which are lost because of an improper address as to their destination, clearly there can be no liability of the carrier to the shipper, for the shipper's negligence in misdirecting the goods, or giving to the carrier the wrong address, has brought about the loss by his own negligence. The Erie Ry. Co. v. Wilcox, 84 Ill. 239 (25 Am. Rep. 451); Southern Express Co. v. Kaufman, 12 Heisk. (Tenn.) 161; Congar v. R. R. Co., 24 Wis. 157 (1 Am. Rep. 164).

If, therefore, there be no liability of the carrier to the shipper because of failure to deliver goods wrongfully addressed when delivered to it, the fact that a purchaser in attempting to send back to a seller goods theretofore sold to him, but who misdirects them, as a result of which they are lost, has no defense as against the seller for the purchase price. The loss in such a case is because of the purchaser's negligence in reshipping the goods, improperly addressed.

The evidence fails to show when this address on the bill of lading was changed, or whether it was changed by the shipper or by the carrier; and it is argued, and the lower court took the view, that if the shipment as delivered to the carrier was properly addressed then it was a delivery by the shipper to the consignee, and the question of recovery for the loss was between the consignee and the carrier. This view is based upon the conception that the carrier upon delivery to it by the shipper became

the agent of the consignee, and was not the agent of the shipper.

One cannot ordinarily create another his agent when he knows nothing of the transaction out of which the alleged agency grows; but where one delivers to a carrier goods consigned to one who is not a party to the contract of shipment between the shipper and the carrier, the contractual relation exists between the shipper and the carrier, and not between the carrier and the consignee. In other words, the shipper without directions from the consignee, and without knowledge on his part, selects his agent to transport the goods to the consignee, and the contract of transportation is under these conditions necessarily between the shipper and the carrier, and the failure of the carrier to deliver them raises a question between the shipper and the carrier, and not between the carrier and the consignee.

The shipper selected its agent to return to the seller goods which the shipper claimed had been sent to it by the seller which did not correspond to the character and quality of the things ordered; and if such agent of the shipper negligently; or without authority, changed the address of the consignee and delivered the goods elsewhere, whereby they were lost, it was the shipper's agent who had been guilty of the negligence and not the agent of the consignee.

It results from what we have said, not only that the answer did not present a defense, but that the evidence disclosed a state of case showing the failure to deliver to the consignee was either the negligence of the shipper or of the shipper's agent, the carrier.

The court, therefore, should have directed a verdict for the plaintiff as requested.

The appeal is granted, and the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.