SHIRLEY S. ABRAHAMSON, C.J.
¶ 76. {dissenting.) The instant case seems to present a complex fact and legal situation, although the court of appeals discounted the complexity, writing that "this appeal has a veneer of complexity."[1]
¶ 77. I write only on the issue of the sufficiency of the landlord's notice to the tenant of the extension of the lease. This case presents a narrow issue: What does a landlord have to do to give notice to a tenant corporation of an extension of the commercial lease, when the lease and the statutes are silent on the issue of notice? Notice is a dispositive issue in the instant case, majority op., ¶ 34, and I need not address other issues addressed by the majority opinion.
¶ 78. The majority opinion phrases the question to be answered as "whether a landlord's contractual notice to a tenant is sufficient when an appropriate person receives that notice at the appropriate address, but the notice does not indicate in what capacity the recipient of the notice is being addressed." Majority op., ¶ 31.
¶ 79. The majority opinion loses sight of the fact that an individual in his or her personal capacity, an individual in his or her representative capacity, and a corporation are separate and apart under the law. *294 Robert Kraft individually; Robert Kraft as president of the corporation, New Electronic Printing Systems; and the current corporate tenant itself, New Electronic Printing Systems are, under the law, three different, separate persons.
¶ 80. These distinct persons complicate the issue of sufficiency of notice, which arises in numerous situations — some regulated by statute, others by contract or the like. When the person to be notified is a corporation, the identity of the appropriate individual to receive notice depends on the facts and circumstances of each situation. Notice to a corporation is governed by the general principle that a "corporation enjoys a legal identity separate and apart from its shareholders, directors, and officers."[2]
¶ 81. Deciding whether the notice given is sufficient to be notice to the corporation includes such issues as: to what individual notice must be given to give notice to the corporation; when, how, and where notice must be given; whether notice was in strict compliance with the applicable requirements; whether notice was in substantial compliance with the applicable requirements;[3] and whether actual notice (that is, *295 knowledge) can overcome notice that does not comply with the applicable requirements.
¶ 82. Numerous leases and amendments were negotiated in the instant case. The tenant corporation kept changing, at least in name. The leases and amendments do not always state the name of the corporation that is the tenant; some merely state notice is to be given to "the tenant." The leases and amendments in the instant case do not always reveal the individual to whom notice is to be given to constitute notice to a corporation tenant.
¶ 83. The majority opinion concludes that the landlord's addressing the notice to Robert Kraft "ensured that an appropriate individual within the [corporate] entity received the notice." Majority op., ¶ 41.
¶ 84. The majority opinion's conclusion is based on two faulty reasons:
(1) The majority opinion applies Wis. Stat. § 704.21(3) to the instant case. This statute provides that notice by a tenant to a corporation landlord may be conveyed by notice to an officer of the corporation. The statute, however, explicitly governs only a tenant's notice to a landlord of extension of a lease, and the present case involves a landlord's notice to a tenant. Majority op., ¶ 37-38.
*296 (2) Without analysis of corporation and agency law recognizing the separateness of a corporation and individuals associated with the corporation, the majority opinion treats an individual who is guarantor, an individual who is an officer of the corporation, and the corporation as if they are one and the same.
¶ 85. Robert Kraft is an officer of New Electronic Printing Systems. Robert Kraft was not the "tenant." New Electronic Printing Systems was the tenant. The landlord knew that New Electronic Printing Systems was the tenant. Robert Kraft, individually, was a guarantor under the lease. A careful landlord would have given Robert Kraft notice in his individual capacity as a guarantor to protect the landlord's rights against the guarantor.
¶ 86. I dissent because I am not persuaded by the majority opinion's reasoning and believe that it may have troublesome, unforeseen consequences.
I
¶ 87. To reach its result, the majority opinion misapplies Wis. Stat. § 704.21 to the notice at issue in the present case — a landlord's notice to the tenant of extension of the lease. This statute explicitly regulates only a tenant's notice to a landlord to extend a lease. See majority op., ¶ 37. The legislature singled out a tenant's extensions of leases and enacted a statute to govern tenants, not landlords.
¶ 88. Contrary to the plain text of the statute, the majority opinion expands the statute to govern the landlord's notice to a tenant in the present case.
¶ 89. The majority opinion does not use the usual tools of statutory interpretation to extend the statute *297 beyond its text in the present case; the majority opinion does not analyze the text, context, purpose, or statutory or legislative history.[4]
¶ 90. Rather, the majority opinion reasons that the court does not want to create "disparate standards" on landlord and tenant, particularly for commercial tenants and commercial landlords. Majority op., ¶ 38. "Why not?" I ask. No answer is given in the majority opinion.
¶ 91. Thus, the majority opinion is not convincing as a matter of statutory interpretation. The majority opinion relies on a statute that by its very words does not apply to the instant case and now leaves many questions unanswered regarding the statute's applicability to other landlord-tenant agreements and disputes.
¶ 92. The majority opinion is not convincing as a matter of corporate law and agency law. The majority opinion conflates the individual, Kraft, and the corporate entity, New Electronic Printing Systems. The circumstances of the instant case do not bear out this conflation of the person and the corporation.
¶ 93. Robert Kraft's admission that he could accept notice on behalf of the corporation does not mean that, in the instant case, notice to Kraft in his personal capacity constituted notice to the corporation. Rather, the general rule is that notice to an officer of a corporation is notice to a corporation only when, amongst other requirements, the "notice . .. comes to . . . the agent in his or her official or representative capacity."[5] *298 Put differently, "[s]uch notice, to be binding upon the principal, must be notice to the agent when acting within the scope of his agency, and must relate to the business, or, as most of the authorities have it, the very business, in which he is engaged, or is represented as being engaged, by authority of his principal." Congar v. Chicago & N.W. Ry. Co., 24 Wis. 157, 160 (1869).[6]
¶ 94. In the instant case, Robert Kraft was not named in the notice in his representative capacity and nothing in the record demonstrates that Kraft accepted service of notice in his representative capacity on behalf of New Electronic Printing Systems.[7] The notice of lease extension document did not state that notice was given to Robert Kraft in his representative capacity on behalf of New Electronic Printing Systems. Indeed, no reference was made to New Electronic Printing Systems anywhere in the notice. Simply because Kraft was an officer of New Electronic Printing Systems does not mean he was provided notice in a representative capacity.
¶ 95. In the instant case, Robert Kraft, as an individual, was a guarantor under the lease and would have received notice in his individual capacity.
*299 ¶ 96. Notice came to Robert Kraft in his individual capacity; he had an individual interest in the matter. Notice did not come to Robert Kraft in his representative capacity or regarding his actual or apparent authority to act as agent of New Electronic Printing Systems.[8] Whether notice to Robert Kraft individually was notice to the corporation might well be a question of fact requiring resolution at trial.[9]
II
¶ 97. If the reader is not persuaded that notice to Robert Kraft in his individual capacity was notice to the corporation, the majority opinion provides a fail-safe reason justifying the sufficiency of the notice, assuring us that the corporation had "actual notice" that the landlord was extending the lease.[10] In a single conclusory sentence, the majority opinion declares that Robert Kraft "cannot reasonably contend that New Electronic Printing Systems was unaware that [the landlord] was exercising what [the landlord] asserted was its right to extend." Majority op., ¶ 43. "Why not?" I ask.
¶ 98. The majority opinion speaks of "actual notice" and "awareness," but the majority opinion obviously means "knowledge." The majority opinion imputes Robert Kraft's knowledge of the landlord's extension of the lease to the corporation, without considering that "[t]here may be a difference between the effect of notice expressly given an officer or agent of a corporation, as binding the corporation, and knowledge acquired by *300 such an officer or agent."[11] Again, the majority opinion conflates the individual and the corporate entity.
¶ 99. In any event, the general rule is that a corporation is charged with constructive knowledge, regardless of its actual knowledge, of all material facts of which its officer or agent receives notice or acquires knowledge while acting within the scope of his or her authority, but does not have constructive knowledge of facts learned by its officer or agent outside the scope of his or her agency:[12]
Knowledge acquired or notice received by an agent which does not pertain to the duties of the agent, which does not relate to the subject matter of the employment, or which affects matters outside the scope of his [or her] agency is not chargeable to the principal unless actually communicated to [the principal].[13]
¶ 100. The majority opinion does not tackle this question of imputing Robert Kraft's knowledge to the corporation in a satisfactory manner.
¶ 101. Because the majority opinion fails to explain or employ the applicable rules of landlord-tenant law, corporate law, and agency law to the instant case, and fails to furnish a persuasive rationale that governs the present case or will govern other cases involving notice to a corporation and knowledge of a corporation, I do not join this part of the majority opinion.

 Anthony Gagliano & Co., Inc. v. Openfirst, LLC, 2013 WI App 19, ¶ 26, 346 Wis. 2d 47, 828 N.W.2d 268.

 1 William Meade Fletcher et al., Cyclopedia of the Law of Corporations § 25 (perm, ed., rev. vol. 2006) (citing, inter alia, Security Bank v. Klicker, 142 Wis. 2d 289, 418 N.W.2d 27 (1987)).

 The majority opinion is correct in stating that small variances generally will not make notice ineffective. Majority op., ¶ 36 (citing Beckenheimer's Inc. v. Alameda Assocs. Ltd. P'ship, 611 A.2d 105, 112-13 (Md. 1992)). However, the case cited by the majority opinion does not necessarily illustrate the minuteness of variances allowed because the case also involves ambiguous terms being construed against the plaintiff. Beckenheimer's Inc., 611 A.2d at 111.
*295 More analogous examples include American Oil Co. v. Rasar, 308 S.W.2d 486, 491 (Tenn. 1957) (reasoning that notice was invalid because it was sent to the original lessors when the lease required notice to be sent to assignees of lessors); Western Tire, Inc. v. Skrede, 307 N.W.2d 558, 562 (N.D. 1981) (reasoning that notice was invalid because the notice was sent by ordinary mail instead of certified or registered mail); and Bernier v. Benson, 159 N.E.2d 39, 41 (Ill. Ct. App. 1959) (reasoning that notice was invalid when notice was provided by a partnership, but the lessees actually were the individuals that made up the partnership).

 See majority op., ¶ 37-38.

 3 William Meade Fletcher et al„ Cyclopedia of the Law of Corporations § 793, at 34-35 (perm. ed., rev. vol. 2010). See also Tele-Port, Inc. v. Ameritech Mobile Communic'ns, 2001 WI App 261, ¶ 7, 248 Wis. 2d 846, 637 N.W.2d 782 ("[Corporation is *298 charged with constructive knowledge, regardless of its actual knowledge, of all material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of his employment within the scope of his authority... .") (emphasis added, internal quotation marks omitted).

 See also 1 Restatement (Third) of Agency § 5.02(1) (2006) ("A notification given to an agent is effective as notice to the principal if the agent has actual or apparent authority to receive the notification ... .") (emphasis added).

 Kraft was identified in the landlord's notice of extension as "Robert Kraft,"rather than "New Electronic Printing Systems c/o Robert Kraft" or similar language.

 See 3 Fletcher, supra note 5, § 793, at 35.

 See id.

 Majority op., ¶ 2.

 Notice and knowledge need not have the same effect. 3 Fletcher, supra note 5, § 791.

 See Congar v. Chicago & N.W. Ry. Co., 24 Wis. 157, 160 (1869); 3 Fletcher, supra note 5, § 790, at 16-17, 26.

 Philipp Lithographing Co. v. Babich, 27 Wis. 2d 645, 650 n.4, 135 N.W.2d 343 (1965) (quoting 3 Am. Jur. 2d Agency § 276, at 639).