MASON L. DEAN ET AL., APPELLANTS, v. OSCAR G. LEE, RESPONDENT.
—52 S. W. (2d) 426.

Kansas City Court of Appeals. June 13, 1932.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau* for appellant.

*McVey, Freet & Randolph* and *John C. Baumann* for respondent.

CAMPBELL, C.—Action to recover semi-annual installment of rent in the sum of $3424 alleged to have accrued on September 1, 1930, under the terms of a ninety-nine-year lease, and to recover the amount paid by plaintiffs in discharge of federal and state income taxes for the years 1928, 1929 and 1930. The cause was tried to the court, jury waived, resulting in finding and judgment for the defendant. Plaintiffs appeal.

On March 1, 1920, Oliver H. Dean as lessor, and Thomas Roburt and Baltimore Shirt Company as lessees, entered into a contract in writing by the terms of which the lessor demised to the lessees Lot 108, Block 8, McGee's Addition to Kansas City, Missouri, for a term of ninety-nine years. On May 7, 1920, Roburt assigned his interest in the lease to his co-lessee. On January 12, 1923, Roburt and his wife and Baltimore Shirt Company assigned their interest in the lease to White & Davis Investment Company, which assignment, by its terms, bound the assignee to perform all of the obligations and covenants of the lease.

White & Davis Investment Company executed a deed of trust conveying its interest in the leasehold to secure the payment of a note in the principal sum of $50,000. Default was made in the payment of the note and in order to avoid foreclosure of the deed of trust White & Davis Investment Company, on July 1, 1928, assigned its interest in the lease to the defendant who thereupon entered into the possession of the premises and paid rent accruing thereafter to September 1, 1930.

Oliver H. Dean, the lessor, died on January 3, 1928, and plaintiffs have succeeded to his interest in the lease under the terms of his will.

The defendant on July 30, 1930, assigned his interest in the lease to one 'Hanks who entered into the possession of the premises. The defendant in August, 1930, notified plaintiffs that said assignment had been made and thereupon plaintiffs wrote a letter to the defendant saying that he had wholly failed to comply with the conditions of the lease relating to the assignment thereof, and that they would not recognize Hanks as assignee, but would continue to look to defendant for the rent under the lease. Defendant refused to pay the installment of rent due on September 1, 1930, and thereupon plaintiffs brought this suit.

The pertinent portions of the lease (upon the theory advanced by plaintiffs) relate to the assignment provisions thereof.

Paragraph 18 of the lease provides that if the lessee fails to keep and perform any of the covenants or agreements contained in the lease, then the lease shall be void at the option of the lessor, provided he shall first give sixty days' notice, in writing, to the lessee of some specific breach of the covenants thereof and of his intention to re-enter the premises and declare the lease forfeited if such breach is continued.

Paragraph 21 of the lease provides that the assignment or sale of the lease must be some responsible person; all rents, taxes, liens, insurance and other charges which lessees have covenanted to pay shall be fully paid to the date of assignment; all covenants and agreements of the lease shall be fully complied with to the date of assignment; that the interest of lessees in the lease shall not be assigned otherwise than by an instrument fully executed and acknowledged wherein the assignee shall expressly assume all of the obligations of the lessees under the lease; that the form of the instrument of assignment shall be delivered to the lessor ten days before transfer of the lease; that the lessees may encumber his interest in the lease to secure the payment of his debt, subject to obligations of lessee to lessor; that the assignment of the lease shall be recorded in the office of the recorder of deeds and certified copy thereof delivered to the lessor; that "any assignment except by devise or descent, or by operation of the law, not made as herein required, to be made, shall, if the lessors so elect, be null and void;" that no assignment of the lease shall be valid unless made to a responsible person, and which does not fully bind the assignee to perform all of the obligations of the original lessees and until the assignee is so bound the original lessees shall remain bound, notwithstanding the assignment, and that written consent of the lessor shall be deemed to be a satisfaction as to the requirement of responsibility; that after an assignment is made, as therein provided, the assignee becomes the lessee and the assignor is discharged from further liability.

Another paragraph of the lease provides that the word "Lessees" shall extend to and include heirs, executors, administrators and successors in interest of said lessees.

Neither the lessor nor plaintiffs gave written consent to either of the assignments of the lease. Defendant did not execute writing accepting and assuming the terms and conditions of the lease nor has his assignee done so. Plaintiffs accepted the several payments of rent made by the defendant and at no time made complaint as to the form of the assignment by which he acquired right in the lease.

It is plaintiffs' contention that the defendant "was bound by the provisions of the lease respecting assignments, and that having failed to comply with said provisions said assignment was, at the election of

appellants, null and void, and having made such election, the assignment to Minnie S. Hanks was a nullity, and that respondent is still the lessee under the lease and is, therefore, liable to pay the rent reserved in the lease.''

The defendant says the lease was not assigned to him in the manner provided by its terms; that he did not assume its obligations and for that reason privity of estate and not privity of contract was created between him and the plaintiffs. The defendant took a mere assignment of the unexpired term of the lease, and thereupon entered into possession of the premises. The plaintiffs impliedly assented to the assignment to defendant by permitting him to take possession and by accepting rent from him without objection. For two years defendant had uninterrupted possession of the premises by virtue of an assignment of the lease in which no attempt was made to comply with the provision of the lease relating to an assignment thereof. Thus a relation of privity of estate and not of contract was created between the parties and only such covenants as run with the land are binding upon the defendant.

In the case of Roth Tool Company v. Champ Spring Company, 93 Mo. App. 530, 539, the court said:

''Concerning the effect of an assignment of the unexpired term of a lease, certain rules which are pertinent to the question under consideration may be laid down as well as established:

''*First.* The assignment does not create privity of contract between the lessor and assignee even if the lessor assent to the assignment and accept the assignee as tenant. (Citing cases.)

''*Second.* It does create privity of estate, if the landlord expressly or impliedly assents to the assignment.

''*Third.* As the relationship between a landlord or lessor and an assignee is by privity of estate (by which is meant that it grows out of the title and possessory right of the assignee to the premises under the assignment) instead of contract, only such covenants in the original lease as run with the land are binding on them.''

The provisions of the lease which were not complied with either in the assignments to defendant or in the assignment from defendant to Hanks are not covenants running with the land. The plaintiffs argue that consent of the lessor to an assignment was not necessary to a legal assignment of the lease under its terms; that if the assignee was a responsible party, if rents and charges were paid to the date of the assignment, if the assignment was accepted by the assignee, if the form of assignment was delivered by lessor and the assignment recorded, consent of the lessor was unnecessary. The lease by its terms requires written consent as to the responsibility of the assignee and that the assignment was void at the election of the lessor for failure to comply with such requirements. It is clear that the lease provides that an assignment thereof by the lessees would

not be effective without consent of the lessor. As stated, neither the lessor nor the plaintiffs gave written consent as to the responsibility of either assignee, and plaintiffs acquiesced in the assignment to defendant without compliance by him with the terms of the lease respecting assignments.

On this state of facts, plaintiffs maintain they still have a right to insist on the provisions relating to assignment, as to defendant's assignee, even though they waived the provision as to the defendant, while respondent insists that the provisions of the lease, having been waived as to him, were always waived and not binding upon him after he assigned his interest to Hanks.

In the case of Bauer v. White, 29 S. W. (2d) 176, the court considered a lease by the terms of which the lessee could not assign the lease without the written consent of the lessor.

Passing upon the question, the court said:

"When Mrs. Snyder's assignee assigned his interest as tenant under the lease and plaintiffs accepted the rent from the assignee no privity of contract between plaintiffs and the assignee under the reassignment was created, but merely privity of estate. We need not pass upon the question as to whether the clause of the lease, providing against an assignment without the written consent of the lessor, was waived, in favor of all the subsequent assignees, for under the circumstances the assignees under any of the re-assignments were not bound by the terms of the lease against an assignment without the written consent of plaintiffs. They were bound only by such covenants in the lease as ran with the land."

Defendant is in the same legal position as was the defendant in the Bauer case. The defendant has not covenanted or agreed with plaintiffs to perform the contractual obligations of the lease and he is bound only by such obligations as arise from privity of estate. The obligation of the lease that each assignee bind himself to perform all covenants of the lease and to be bound by them, was a contractual obligation which defendant did not assume in the assignment to him and he is not bound thereby.

There is much learning in the briefs on the question as to whether the failure of plaintiffs to require defendant to accept in writing the terms of the lease, and the acceptance of rent from him, constituted a waiver as to all subsequent assignees of the provisions of the lease relating to assignments, and whether the defendant could assign to a responsible person, without consent of plaintiffs, and without compliance with the other terms of the lease relating to assignments.

The defendant, on this point, relies upon the so-called "rule in Dumpor's case," announced in 1578, reported in 4 Coke 119b; 76 Eng. Reprint, 1110. The rule is stated in 31 A. L. R. as follows:

"In that case it was held that a condition in a lease that the lessee or his assigns should not alien without the special license of the lessors was determined by an alienation by license, so that no subsequent alienation was a breach of the condition. The ground of that decision was stated to be that, the lessors having licensed the lessee to alien, "they shall never defeat, by force of the said proviso, the term which is absolutely aliened by their license, inasmuch as the assignee has the same term which was assigned by their assent; so if the lessors dispense with one alienation, they thereby dispense with all alienations after; for, inasmuch as by force of the lessor's license, and of the lessee's assignment, the estate and interest of Tubbe (the first assignee) was absolute, it is not possible that his assignee, who has his estate and interest, shall be subject to the first condition.' "

The pronouncement became a leading case and was the law of England until the nineteenth century when changed by act of Parliament. [22 and 23 Vict., Chap. 35, sec. 1-3.]

It is defendant's position that the statute of this State (now Section 645, Revised Statutes 1929) adopting the common law of England and all statutes and acts of parliament of a general nature made prior to the fourth year of the reign of King James I (1607) adopts and makes a part of the jurisprudence of this State, this decision in Dumpor's case, and that it is binding on this court. [Musser v. Musser, 281 Mo. 649; Buchanan v. Kennard, 234 Mo. 117.] The true rule seems to be that the courts of this State, under the statutory provision cited, must determine what the common law was, prior to the year 1607, and that the decisions of the court prior to that time are *evidence* of what those courts declared the common law to be.

The record reveals that plaintiffs objected to the assignment to Hanks for the reason that she was not financially responsible. They made no objection to defendant as their tenant, though he took the lease under assignment which did not comply with the terms of the lease with respect to the manner of assigning it.

Upon the facts disclosed by the record we hold that when plaintiffs accepted defendant as their tenant under an assignment of the lease, which was made without attempt to comply with the provisions of the lease relating to the assignment thereof, privity of estate and not privity of contract was created between plaintiffs and defendant; that the provisions of the lease relied upon by plaintiffs are contractual obligations not running with the land, by reason of which defendant had legal right, without consent of plaintiffs and without complying with said contractual provisions to assign the lease, as he did, and was thereby released from payment of rent which thereafter accrued.

In the remaining counts of plaintiffs' petition they seek to recover federal and state income taxes which they allege were attributable

to the income derived from the rent for the years 1928, 1929 and 1930. It is provided in the lease that "the lessee also agreed to pay . . . and to protect and save harmless from any income tax or taxes . . . levied . . . upon the rents as herein agreed to be paid."

An income tax is paid upon net income and is not levied "upon the rents." [Elliot v. Winn, 305 Mo. 105.]

Under the terms of the lease the lessee was not required to pay income taxes or reimburse plaintiff for such payments for the reason that such taxes were not levied upon the rents. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Arnold, J.,* absent.