L. C. HUDSON, Respondent,

v.

Kenneth PRICE, Appellant.

No. 22127.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1954.

Don C. Carter, Sturgeon, for appellant.

Chas. L. Graham, Christian F. Stipp, Graham & Stipp, Carrollton, for respondent.

BROADDUS, Judge.

This is an action in unlawful detainer instituted in the Magistrate Court of Randolph County. Upon application of defendant, Kenneth Price, the venue was changed to the Circuit Court of that County. The case was tried before a jury and resulted in a verdict and judgment in favor of plaintiff, L. C. Hudson. Defendant has appealed.

On October 22, 1952, defendant entered into the possession of certain premises owned by plaintiff and located in Randolph County for the purpose of operating a restaurant. Defendant entered into possession under a written lease. This lease was originally executed on August 30, 1949, by plaintiff and Charles Persinger. It was assigned to defendant on October 22, 1952. The lease was for an initial term of three years commencing on August 30, 1950, and terminating August 30, 1953. It contained a provision as follows: "provided that the Lessee may, at his option, by giving the Lessor ninety (90) days notice extend this lease for an additional term of two (2) years from and after the 30th day of August, 1953, on the same terms and conditions as herein contained."

The lease provided for the payment, as rental, of a sum equal to ten percent of the gross receipts of the business, which rental was to be paid by noon on each Monday and was to be computed on the basis of the gross receipts received during the preceding week.

In April of 1953, after the lease had been assigned to him and before the expiration of the initial term thereof, defendant gave plaintiff notice that he was exercising the option of extending the lease for an additional two years after the termination date of August 30, 1953. This notice was not in writing. Plaintiff, believing that the notice was required to be in writing, notified defendant that he would expect possession of the premises on the date of the expiration of the term of the lease, and notified the bank where defendant had been making his rental payments that no more rent was to be accepted from defendant after noon

on August 30, 1953. Defendant refused to deliver possession of the premises on August 30, 1953, claiming that, having exercised the option to extend the lease, he was entitled to possession. Shortly thereafter, plaintiff filed a suit in unlawful detainer against defendant and later learned that the lease did not require written notice that the lessee was exercising the option to extend. During the pendency of that suit, defendant tendered the payment of rentals to the bank and they were refused. Defendant acknowledged that these rentals were not paid and promised to pay them when the suit in unlawful detainer was dismissed. The suit was dismissed and on October 26, 1953, defendant paid the rentals for the weeks ending October 18th and 25th, 1953. Defendant paid rental when due on November 2nd and 9th, 1953, but paid none of the delinquent rentals. On November 9, 1953, the restaurant was ordered closed by the Sanitary Inspector of the State Health Department and the Prosecuting Attorney of the County because of difficulty with the sewage disposal system and the general unsanitary condition of the interior of the building. The building was still closed at the time of the trial.

On December 5, 1953, plaintiff declared a forfeiture and termination of the lease and demanded possession of the premises "not later than Monday, December 7, 1953, at 6:00 p. m." The notice specified the following grounds of forfeiture: (1) Failure to pay rent, as provided in paragraph 2 of the lease; (2) Failure to maintain a Grade A restaurant, as provided in paragraph 3 of the lease; (3) Failure to pay sales tax, as provided in paragraph 4 of the lease, and (4) Failure to keep the interior of the building in an attractive, clean and satisfactory condition, as provided in paragraph 9 of the lease.

At the conclusion of the evidence the trial court announced: "Let the record show that I'm directing a verdict for the plaintiff on the issue of unlawful detainer, my theory being that while there may be other grounds for so doing, that in the opinion of the court, the defendant's admission that he had not filed any sales tax returns or paid any sales tax during the period he operated the restaurant was an adequate ground for which the plaintiff could and did declare a forfeiture, and that the defendant also admitted the receipt of the notice of forfeiture and notice of possession and other formal requirements for a verdict, so that in the opinion of the court there is no issue for the jury on that question. The issue as to the damages and monthly rents, of course, will be submitted to the jury."

In line with that view the court gave Instruction No. P-1. The jury brought in a verdict for plaintiff, Hudson, for possession of the premises involved, with no damages, and assessed the rents and profits at $200 per month, which the court doubled, entering a judgment against defendant for possession of said premises and for $400 per month for rents and profits. As stated, from that judgment defendant Price appealed.

Defendant's first contention is that the Circuit Court did not have jurisdiction to try this cause. As stated, the action was filed in the Magistrate Court of Randolph County. On the return date, December 18, 1953, defendant filed in said Magistrate Court his affidavit for a change of venue in which he stated that he could not have a fair and impartial trial before the Magistrate on account of the latter's bias and prejudice. On the same date, the Magistrate granted the change of venue and certified the cause to the Circuit Court of Randolph County, which court assumed jurisdiction of the case and set it for trial on December 22, 1953. On December 21, 1953, defendant filed a plea to the jurisdiction, which was presented and heard by the Court and overruled. The case was re-set for December 30, 1953, and on that date, and before the trial of the case commenced, defendant objected to proceeding to trial, on the ground that the Court had no jurisdiction, and this too was overruled. There is only one Magistrate and only one Magistrate Court in Randolph County.

Defendant thus states his position: "The Circuit Court can derive jurisdiction in un-

lawful detainer, only by appeal from the Magistrate Court. Jurisdiction is purely derivative."

Actions in unlawful detainer are governed by the provisions of Chapter 534 RSMo 1949, V.A.M.S. Section 534.150 RSMo 1949, V.A.M.S., provides:

"Either party shall be entitled to a change of venue in any suit instituted under this chapter for the same causes and under the same circumstances, *and shall follow the same procedure as provided for change of venue in other civil cases in magistrate courts; * * *.*" (Emphasis ours.)

The "procedure as provided for change of venue in other civil cases in magistrate courts" is set out in Section 517.520 RSMo 1949, V.A.M.S., where it is provided that when an affidavit for change of venue is filed alleging the bias and prejudice of the magistrate, and *"there is no other magistrate in the county,"* then *" * * * the case shall be certified to the circuit court for trial as if originally filed in the circuit court."* (Emphasis ours.)

Referring again to Section 534.150 RSMo 1949, V.A.M.S., we find this provision:

" * * * provided, in all cases where a change of venue is granted in a forcible entry or unlawful detainer action, the magistrate shall forthwith make out and certify a transcript of the record of the case attaching all papers in the case thereto, and transmit the same to the receiving judge or magistrate and the receiving judge or magistrate shall set said case for trial not more than five days after receiving the same and shall notify the parties or their attorneys of the time and place of trial."

In the instant case, the affidavit was filed, the case was certified to the circuit court for trial, the transcript was forthwith made out and transmitted to Honorable Lawrence Holman, Judge of the circuit court, and Judge Holman set said case for trial not more than five days after receiving same. The statutory requirements are not ambiguous and were strictly complied with.

[1] Defendant cites several cases as authority for the statement that "the Circuit Court can acquire jurisdiction only by appeal." The cases cited are all based upon the procedure required prior to the abolishment of justice of the Peace Courts and the establishment of Magistrate Courts in each county. The procedure was entirely changed by the adoption of the Constitution of 1945 and the statutes enacted in aid thereof. In our opinion the trial court had jurisdiction to try this cause.

Defendant's second point is that the court erred in giving Instruction P–1. This, as we have stated, was a peremptory instruction directing a verdict for plaintiff on the issue of unlawful detainer. Defendant contends that by giving this instruction, the court denied the jury the right to pass upon his defenses, viz., that plaintiff had waived his right to a forfeiture, and that this was purely a jury question.

Under the view we are compelled to take we find it unnecessary to determine whether there was evidence that plaintiff waived defendant's failure to pay rent promptly, or to maintain a Grade A restaurant, or to keep the interior of the building in an attractive and clean condition.

Defendant admitted that he was delinquent in the payment of sales taxes to the amount of $609.50.

Paragraph 4 of the lease provided that the lessee should pay all "fees and taxes" and should "comply with all federal, state and local laws and ordinances." And under paragraph 13 the lessee agreed "that in the event of their failure * * * to comply with any provisions of this lease, the lease shall, at the option of the lessor, immediately cease and terminate and the lessee shall immediately deliver to the lessor the possession of the premises * * *."

Defendant says (a) that an assignee of a lease, who does not expressly assume the covenants in the lease, is bound only by

covenants that run with the land, and (b) that he "was not required to pay sales tax, because this is a covenant and provision of the lease that does not run with the land." He cites several cases in support of this argument. These cases are all clearly distinguishable from the instant case. The opinion in the case of Bauer v. White, 225 Mo.App. 270, 29 S.W.2d 176, stated the law applicable only to the *unexpired term* of the lease, and the lease in that case did not provide for the right of forfeiture for breach of its conditions. In the case of Dean v. Lee, 227 Mo.App. 206, 52 S.W.2d 426, the law as set out in the opinion was again confined to the *unexpired term of the lease*. In the case of Weigle v. Rogers, 202 Mo.App. 520, 213 S.W. 501, the law stated is that an assignment of a lease for its *unexpired term* does not create a privity of contract between lessor and the assignee. The case of Mutual Drug Co. v. Sewall, 353 Mo. 375, 182 S.W.2d 575, also cited by defendant, does not discuss the relationship created when the assignee exercises an option to renew or extend the lease.

In the instant case defendant entered into possession of the premises under the written lease on October 22, 1952, prior to the date of the expiration of the original term thereof. The lease was assigned to him in writing and delivered to him. He read it, discussed it with his attorney and noted that while it terminated on August 30, 1953, it contained this provision:

"Provided, that the lease may, at his option, by giving the lessor ninety (90) days notice extend this lease for an additional term of two years from, and after the 30th day of August, 1953, *on the same terms and conditions as herein contained.*" (Emphasis ours).

Defendant, after noting this provision and after discussing the matter with his attorney and at the latter's direction contacted plaintiff and said to him:

" * * * So I told Mr. Hudson I was going to take up the option on my lease that terminates—if I give him 90 days notice, that I have the right of an option for two years beginning August 30, 1953, and I was going to exercise that right."

■■ Defendant was not compelled to create or continue any relationship with plaintiff. He exercised the privilege of extending the lease and by so doing extended the same on the "terms and conditions" therein contained. As said by this court in the case of Stout v. North, 211 Mo.App. 245, 253, 242 S.W. 119, 122: "If the privilege of renewal was to be exercised at all, it had to be exercised in accordance with its terms. A person cannot choose to take merely a part of it and neglect the rest." (Citing cases.) When the lease was originally executed a privity of contract and a privity of estate existed between lessor (plaintiff) and lessee. When the lessee assigned the lease to defendant, the privity of contract continued between lessor (plaintiff) and lessee, and the privity of estate existed between lessor (plaintiff) and assignee (defendant) for the *unexpired term of the lease*. When the assignee (defendant) exercised the option to extend the lease "on the same terms and conditions as herein contained", the assignee (defendant) established a privity of contract with lessor (plaintiff). To hold otherwise would be to permit the assignee to change the wording and meaning of the instrument which he elected to extend. It would permit him to exercise the option to extend the lease on *a part* of the terms and conditions therein contained.

In 148 A.L.R. 395, we find these words: "Privity of contract between the assignee of a leasehold and the lessor * * * is created where the assignee exercises as of right the option granted the lessee in the lease for an extension of the term." We do not see how the law could be otherwise.

■ Defendant bound himself to "pay all * * * taxes" and "comply with all * * * state laws". He admitted that he did not file the returns nor pay the taxes required by our statutes. That plaintiff did not waive these requirements of the lease will be shown in our discussion of defend-

ant's Point IV. We hold that the court was justified in giving the instruction.

■ Defendant's third contention is that the court erred in refusing to give Instruction No. A offered on the part of the defendant. This instruction sought to submit the proposition that if plaintiff did not make complaint to defendant of any of the specified grounds for terminating the lease he waived the right to declare a forfeiture. This court in a carefully considered opinion, Metropolitan Land Co. v. Manning, 98 Mo.App. 248, 71 S.W. 696, specifically held that where the lease provided that the lessee should pay taxes under penalty of forfeiture, it was not necessary for the lessor to demand payment before declaring a forfeiture. The instruction was properly refused.

■ Defendant's fourth point is that the court erred in refusing his offered Instruction No. B. This instruction told the jury that if they found that plaintiff accepted rent from defendant "up to November 9", then this constituted a waiver of all conditions existing prior thereto and plaintiff had no right to declare a forfeiture. There is not a particle of evidence in the record tending to show that plaintiff had any knowledge prior to November 9, 1953, that defendant had not filed any sales tax returns and had not paid such taxes. While the defendant was on the stand he was asked: "Did he (plaintiff) ever say anything to you about your failure to pay any sales tax? A. No, sir. Q. Do you know whether or not he knew that you owed any sales tax? A. No." Waiver has been repeatedly defined by the courts of this state as "an intentional relinquishment of a known right." Schwab v. Brotherhood of American Yeomen, 305 Mo. 148, 155, 264 S.W. 690, 692. A waiver presupposes knowledge of the thing to be waived. The instruction should have been refused.

Defendant's fifth point concerns a matter that is not material. His sixth and last contention deals with the same matter presented under his second point.

In our opinion, the learned trial court ruled correctly in directing a verdict for plaintiff. The judgment is affirmed.

All concur.