# CHARLESTON.

## HOWELL v. BEHLER.

## BEHLER v. HOWELL et al.

Submitted January 31, 1896—Decided March 18, 1896.

1. LANDLORD AND TENANT — RENEWAL OF LEASE — NOTICE BY
    JOINT LESSEE.
    Where six parties become the joint lessees of real estate for the
    term of five years with the privilege of continuing the lease for
    five more years upon giving sixty days' notice prior to the end of
    the term, one of said lessees has no power to extend such lease by
    giving the required notice without the concurrence of the other
    lessees.

2. LANDLORD AND TENANT—LEASE—OCCUPANCY BY JOINT LES-
    SEE.
    Where one of six joint lessees enters upon and occupies certain
    premises under a written agreement made with the owner of the
    premises, and signed by all of them, and makes the entry at the
    time designated in the agreement for the commencement of the
    occupancy, and the other five do not make actual entry upon and
    occupy the premises, the occupancy of the one was the occupancy
    of all six, and upon the terms designated in the agreement, and
    all six are lessees of the landlord, whatever might be their rela-
    tions *inter se*.

3. EVIDENCE—PAROL EVIDENCE.
    Parol evidence can not be admitted (unless in cases of fraud or
    mistake) to vary, contradict, add to, or explain the terms of a
    written agreement by proving that the agreement of the parties
    was different from what it appears by the writing to have been.

4. LANDLORD AND TENANT—PURCHASER FROM JOINT LESSEE—
    NOTICE TO RENEW LEASE.
    Where a lease is executed to six joint lessees for the term of five
    years with the privilege of extending the lease for five more years
    upon sixty days' notice being given, and only one of said lessees
    takes possession of and occupies the property, and dies before the
    expiration of five years from the date of the lease, a purchaser of
    said lease at the sale of the estate of such deceased lessee can not,
    by giving sixty days' notice, extend the term of said lease for an
    additional five years, and a bill in equity, filed by such pur-
    chaser, to enforce specific performance of the agreement as to
    such extension of the term of the lease, will be dismissed.

JOHN A. HOWARD and T. S. RILEY for appellant, cited 5 Mass. 419; 1 Paige, 412; 1 Woodfall, Land. & T. 164; 4 Kent, Comm. (3rd Ed.) s. p. 108, 109; 21 Ga. 183; 1 Pars. Cont. (3rd Ed.) 237, notes; Taylor, Land. & T. 250; 120 N. Y. 635; 15 Ohio, St. 486; 20 W. Va. 46, 53, 54; 20 W. Va. 614; 66 Me. 520, 522; 24 Barb. (N. Y.) 525; 44 N. H. 512; 42 N. H. 259; 7 Gray, 550; 13 Gray, 219; 33 Cal. 229, 306; 7 N. Y. 472; 109 Mass. 67; 96 Ind. 333, 340; 3 N. E. Rep. (Ind.) 142; 107 N. Y. 610; 3 N. E. Rep. 748; 1 Story, Eq. Jur. (5th Ed.) §§ 722, 729; 21 Pac. Rep. 558, 955; 10 W.Va. 777; 35 W. Va. 194; 5 W. Va. 149; 12 W. Va. 347; 16 W. Va. 443; 22 W. Va. 2; 27 Barb. 415; 20 W. Va. 46, 54; 13 Gratt. 278, 284; 1 W. Va. 1; 14 W. Va. 800; 8 W. Va. 308; 15 W. Va. 655, 663.

EWING, MELVIN & EWING for appellee:

I.—*A writ commencing "The State of West Virginia: To the Sheriff of Ohio County, Greeting," is one running in the name of the State.*—5 W. Va. 432; 14 W. Va. 55; 34 W. Va. 389.

II.—*In unlawful detainer, it is sufficient if the premises are described in summons with convenient certainty with a view to the delivery of possession after judgment.*—1 W. Va. 120, 121; 14 W. Va. 725, 790; 24 Gratt. 519.

III.—*The court will judicially take notice of the time when a circuit court begins its term.*—1 Greenl. Ev. (15th Ed.) § 6, note b; Wade on Notice, § 1414; 12 Am. & Eng. Enc. Law, 182, n. 2.

IV.—*Notice, under renewal clause, of a desire to renew a lease vests no estate in the premises.*—108 Ill. 528; 7 Hill, 150, 151.

V.—*All signing a lease as lessees are such to the lessor.*—15 W. Va. 657.

VI.—*One lessee of several has no single right of renewal.*—76 Hun, 68; 19 N. Y. 324; 1 Woodf. Landlord & Tenant, 366.

VII.—*Parol evidence not admissible to affect rights secured or obligations incurred by a written instrument.*—41 W. Va. 314; 27 Gratt. 640.

VIII.—*Specific performance of a contract for the renewal of a*

*lease will not be decreed unless such contract is certain and unequivocal in its essential terms and is capable of being performed.*—3 W. Va. 23; 10 W. Va. 677; 26 Am. Dec. 661, note.

English, Judge:

On the 29th day of January, 1890, Charles R. Behler, Peter Welty, Frederick Schenck, John Biedenbach, Charley Klein, and Anton Reymann, by writing of that date, leased from W. B. Howell, administrator with the will annexed of Louis Lingeman, deceased, the brick hotel known as the "Howell House," situated on the east side of Water street, and numbered 1208, 1210, 1212, and 1214, in the city of Wheeling, state of West Virginia, county of Ohio, for the term of five years, with the privilege of re-leasing, commencing on the 1st day of April, 1890, and ending on the 31st day of March, 1895, the parties of the second part, if desirous of re-leasing said property for an additional five years, to give a written notice of sixty days to the party of the first part.

On the 19th day of January, 1895, Julia Behler, by her attorney, gave a written notice to W. B. Howell, administrator with the will annexed of Louis Lingeman, deceased, that she had purchased at public sale from W. C. Handlan, administrator of Charles R. Behler, deceased, the lease dated January 29, 1890, from him, as such administrator, to Charles R. Behler, for said hotel property, and that she desired and intended to continue said lease for five more years from the 1st day of April, 1895, under the terms and conditions thereof.

On the 4th day of April, 1895, Sophia Howell, who was the widow of said Louis Lingeman, and had become the wife of said W. B. Howell, sued out of the clerk's office of the circuit court of Ohio county a writ of unlawful detainer against said Julia Behler to recover the possession of said hotel property and five hundred dollars damages for the detention thereof.

At the time said lease was executed Charles R. Behler became the purchaser of the furniture and fixtures then in said hotel, and took possession under said lease, and com-

plied with the terms and conditions of the same until the 4th day of March, 1894, at which time he departed this life; and on the 1st day of May, 1894, W. C. Handlan qualfied as his administrator, the said Julia Behler continuing to occupy said hotel property, and paying the rent to said Handlan as such administrator. On the 26th day of September, 1894, the said administrator advertised and sold said lease with the privilege of renewal for the term of five years, together with the furniture and fixtures in said hotel, and said Julia Behler became the purchaser.

On the 7th day of May, 1895, said Julia Behler filed her bill in equity, praying for a specific performance of said renewal clause of said lease, and for an injunction enjoining the said Sophia Howell from further prosecuting her said action of unlawful detainer. Sophia Howell demurred to the plaintiff's bill, and also filed her answer thereto; and Frederick Schenck, another one of the defendants, filed his affidavit. Anton Reymann, Charles Klein, John Biedenbach, Rose Welty, and F. P. Wingerter, executor, also filed their answers, joining in the prayer of plaintiff, Julia Behler, for a specific performance of said lease. Depositions were taken by both plaintiff and defendant. On the 22d day of May, 1895, the case was matured for a hearing, the demurrer was waived, and the cause was submitted upon the pleadings and the evidence, and the bill was dismissed, at the plaintiff's costs.

On the 22d day of May, 1895, said action of unlawful detainer was heard on a motion to quash the plaintiff's writ, which motion was overruled, and the defendant pleaded not guilty. On the 28th day of May, 1895, a jury was waived, and the matters arising upon the issue joined were submitted to the court in lieu of a jury, and, the evidence for both plaintiff and defendant having been heard, the court found for the plaintiff, and judgment was rendered accordingly. The defendant excepted and obtained this writ of error.

The first error relied on by the plaintiff in error is as to the action of the court in overruling the motion to quash the writ. It is contended in argument that the county is not mentioned in the body of the summons, and is only

used to identify the sheriff. In this, however, we think counsel must be mistaken, as their contention is not sustained by the record. The summons reads: "The State of West Virginia to the Sheriff of Ohio County—Greeting: We command you that you summon Julia Behler, if she be found in your bailiwick, to appear in the circuit court of Ohio county," *etc.*, and concludes: "Witness: John W. Mitchell, Clerk of Our Said Court at the Court-House of said County," *etc.* It is also contended that the summons should have been quashed, because it did not sufficiently describe the premises. Now, under the statute, it is only required that the premises should be described with convenient certainty. In the case of *Board* v. *Crawford*, 14 W. Va. 790, this Court held that, whether the description of the premises be general or special, it must be such as will enable the premises to be identified with reasonable certainty. Does the description of the premises in the summons in the case under considersation comply with this requirement? It is described as a brick hotel building, lot, and appurtenances, situated on the east side of Water street numbered 1208, 1210, 1212; and 1214, in the city of Wheeling, state of West Virginia, known as the "Hotel Behler." In this description the number of the lot is given, the street on which it is located, the character of the house, and the name of the city in which it is located, and an officer to whom a writ of possession containing this description might be delivered would find no difficulty in identifying the property and executing the writ. We must therefore regard the property as described in the summons with convenient certainty, and that the court committed no error in overruling the motion to quash on that ground.

The next error relied on by the plaintiff in error is as to the action of the court in overruling the motion to exclude the plaintiff's evidence on the grounds of variance, it plainly appearing by the evidence introduced that, if the plaintiff had a right at all to maintain this action, the other parties named in the lease in evidence should have been made parties defendant. This assignment of error, however, is met by the fact that the controversy in this

case was in regard to the possession. The suit was properly brought against the party in possession, who appears to have been the defendant Julia Behler. She was no party to the lease; but became the purchaser of the same at a sale made of the estate of her deceased husband, or at least of the interest of her husband in said lease, and was in possession thereof; the other parties to said lease never having been in possession of said property, and, not having the possession, it could not be recovered from them, but must be recovered, if at all, from said Julia Behler, and for this reason the court committed no error in refusing to exclude the evidence for the reason stated in said assignment.

The third assignment of error relied on claims that the court erred in finding on the merits in favor of the plaintiff and in entering judgment upon such finding against the plaintiff in error. In passing upon the questions raised by this assignment of error we must determine whether, upon the case presented, the defendent Julia Behler, at the time the suit was instituted, was in possession of and unlawfully withheld the premises in the summons described from the plaintiff. In order to avoid this conclusion, we must hold that the said Julia Behler, by giving the notice read in evidence, was entitled to a renewal of the lease, and was in possession under such renewal. In examining this question we may properly inquire first what rights she acquired by reason of the purchase of the lease at the administrator's sale of her deceased husband. Replying to this question with the utmost liberality, we must say that she acquired only such rights as her husband had with reference to the lease, and she, under her said purchase, could do no more than Charles R. Behler could have done if he had been in life, and acting in the premises, which brings us to the consideration of this question, could Charles R. Behler, by acting alone, and giving notice of his intention, extend the lease for five years? A reference to the lease, which was read in evidence, shows that the same was executed jointly to Charles R. Behler, Peter Welty, Frederick Schenck, John Biedenbach, Charley Klein, and Anton Reymann, with the privilege of re-leas-

ing for five more years on the same terms, or terms satis-
factory to both parties, by a written notice of sixty days
being given to said party of the first part; and the said
parties of the second part promised and agreed to keep
the said premises in good order and repair, and at the ex-
piration of said term said parties of the second part would
quit and surrender the premises thereby demised in as
good state and condition as reasonable use and wear there-
of would permit, unavoidable accidents and natural
wear and tear excepted.  To this covenant all of the par-
ties were jointly bound, and my construction of the lease
is that no one of the parties of the second part were author-
ized by notice of sixty days to extend the lease after the
expiration of the same without the concurrence of all.  In
the case of *Goshorn* v. *Steward*, 15 W. Va. 657, this Court
held that:  "Where two of four joint lessees enter upon
and occupy certain premises under a written agreement
made with the owner of the premises, and signed by all of
them, and make the entry at the time designated in the
agreement for the commencement of the occupancy, and
the other two do not make actual entry upon and occupy
the premises, the occupancy of the first two was the oc-
cupancy of all four, and upon the terms designated in the
agreement, and all four are lessees of the landlord, what-
ever might be their relations *inter se*, and as such lessees
they are responsible to the landlord in an action for use
and occupation."  So in the case under consideration any
one of the parties of the second part had the right to ob-
ject to the extension of the lease for five more years on the
same terms, or to have a voice in saying what terms were
satisfactory if a new lease was entered into; and no one of
said parties of the second part, by giving the sixty days
notice, could extend the lease, or make its terms obligatory
upon the other parties.  If, then, Charles R. Behler, if in
life, had no power to extend said lease by notice without
the concurrence of the other parties of the second part,
much less could his administrator, or the purchaser of the
lease at the sale of his estate.  The defendant Julia Behler
then must be held and considered as being in possession of
said premises after the expiration of said lease and, the

proper notice for the extension thereof not having been given, she must be regarded as unlawfully withholding said property from the plaintiff, who proved her right to the possession. Our conclusion, therefore, is that the court committed no error in finding in favor of the plaintiff upon the merits.

An appeal was also allowed in said suit in equity from the decree therein rendered, the object of said chancery suit being, as before stated, to enforce a specific execution of that portion of the lease providing for a renewal and extension thereof for five years. It is alleged in the plaintiff's bill that the parties of the second part to said lease other than Charles R. Behler signed the same as his security, and an effort is made in the depositions to show said parties so signed said lease. In the case, however, of *Towner* v. *Lucas' Ex'r* 13 Gratt. 705, the court of appeals of Virginia held that "parol evidence will not be received to ingraft upon or incorporate with a valid written contract an incident occuring contemporaneously therewith, and inconsistent with its terms." So, also, in *Crawford* v. *Jarrett's Adm'r* 2 Leigh, 630, the rule was stated by Green, J., as follows: "Parol evidence can not be admitted (unless in cases of fraud or mistake) to vary, contradict, add to, or explain the terms of a written agreement by proving that the agreement of the parties was different from what it appears by the writing to have been." Again, in *Watson* v. *Hurt*, 6 Gratt. 633, 644, Judge Baldwin states the rule as follows: "It is perfectly well settled that the terms of a written contract can not be varied by parol evidence of what occurred between the parties previously thereto or contemporaneously therewith." Again, in the case of *Woodward* v. *Foster*, 18 Gratt. 204, Joynes J., in delivering the opinion of the court, says: "If the contract of Foster had been written out in words, this evidence would have been inadmissible upon the well established and familiar principle that evidence of a contemporaneous parol agreement is not admissible to contradict or vary that which is contained in a written instrument;" citing 1 Greenl. Ev. §§ 277, 281, 282, and, after citing *Towner* v. *Lucas' Ex'r supra*, he says: "These general principles are of the utmost im-

78

portance in the administration of justice. Without them there would be no certainty in written contracts, and no safety in the most formal transactions. They ought not to be frittered away by nice distinctions to meet the hardships, real or supposed, of particular cases."

Under these authorities then, we must look to the writing itself to find the contract between the parties, and in so doing we find that the parties of the second part were joint lessees of the property in controversy, and it is clear that neither one of them could, by giving notice, extend the lease for another five years, without the concurrence of the others; and, having arrived at this conclusion, we reach the further conclusion that the plaintiff Julia Behler had no right to a specific execution of the contract, so far as it allowed an extension of the lease for five years upon giving sixty days' notice.

The two cases—the chancery suit and the unlawful detainer—were heard together, and in this Court were argued in the same brief, and, being so closely allied, we have considered them together, and for the reasons before stated have reached the conclusion that the circuit court committed no error either in the judgment rendered in said unlawful entry and detainer case, or in the decree in said chancery suit, and the judgment complained of in said unlawful detainer case is affirmed, with costs and damages; and the decree complained of in the said chancery cause is also affirmed, with costs and damages.