GURUNIAN *v.* GROSSMAN. ·

1. LANDLORD AND TENANT—NOTICE TO RENEW BY ONE OF TWO LESSEES.

Notice by tenant owning a ½ interest in a lease of the exercise by him of his alleged right to renew tenancy for 5-year term, made 43 days, instead of 30 days as provided in lease, before expiration of the original term was not a sufficient exercise of the option for a renewal of the lease, where there is no showing of any attempt by the cotenant, also apparently owning a ½ interest, to exercise her right of renewal, as a covenant to renew a lease made to more than one lessee may not be enforced by one of them for himself, nor can he bind his colessee by an election to renew unless authority is vested in the active lessee to do so.

2. SAME—OPTION TO RENEW—ACCEPTANCE.

An option to renew a lease is a mere offer, and acceptance thereof must be made within the time allowed, and in minute compliance with its terms, or the optionee's rights thereunder will be lost, substantial compliance being insufficient to constitute an acceptance.

3. SAME—NOTICE TO TERMINATE TENANCY—NONPAYMENT OF RENT—NATURE OF DEMAND.

A statement in a notice to terminate tenancy that the reason for taking such action was nonpayment of rent does not change it into a demand for possession or for payment of rent.

4. SAME—NOTICE TO TERMINATE TENANCY—FORFEITURE OF LEASE.

A notice to terminate tenancy and demand for possession operates as an assertion of the intention to forfeit, as well as a notice to quit.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 32 Am Jur, Landlord and Tenant § 977 *et seq.*
[5] 32 Am Jur, Landlord and Tenant § 983.

5. SAME—HOLD-OVER TENANCY—TERMINATION—NOTICE.

   Tenants who held over after end of original 5-year term of lease
   without making an effective exercise of option to renew for like
   period, by the terms of the lease, became tenants from month
   to month for an indefinite period, a tenancy at will subject to
   termination by 1 month's notice.

6. SAME—DEFAULT IN PAYMENT OF RENT—NOTICE TO TERMINATE
   LEASE—RENEWAL OF LEASE.

   A lessee cannot enforce provisions relative to renewal of the lease
   after the lessor had terminated the lease while the lessee was in
   default in payment of rent.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 30, 1951. (Docket No. 64, Calendar No. 45,133.) Decided October 1, 1951.

Summary proceedings by Sam Gurunian against David Grossman and wife to obtain possession of land. Judgment for plaintiff on hearing in circuit court. Defendants appeal. Affirmed.

*Wilfrid L. Burke,* for plaintiff.

*Harry N. Grossman* and *J. Leonard Hyman,* for defendants.

BOYLES, J. The principal question in this case is whether the defendants are lessees of a place of business on Trumbull avenue in Detroit for a 5-year term. The facts are not in dispute. On July 6, 1944, the plaintiff herein leased said premises to Ben Weitzman and Jack Klein for a 5-year term ending July 5, 1949. The written lease provided:

"In case any rent shall be due and unpaid or default, be made in any of the covenants herein contained, then it shall be lawful for the landlord, his certain attorney, heirs, representatives and assigns, to re-enter into, repossess the said premises and the

tenant and each and every occupant to remove and put out."

Defendants claim that Jack Klein assigned a half interest in said lease to David Grossman, although the record before us does not have such an assignment. It is claimed that sometime prior to June 15, 1946 (the record does not disclose the date), Ben Weitzman assigned his interest in the lease to the other lessee, Jack Klein, that he in turn assigned a ½ interest to one Murray Joseph and the other ½ interest to *David* Grossman. On June 15, 1946, Murray Joseph assigned "an undivided ½ interest" in said lease to *Rose* Grossman, one of the defendants herein. On May 23, 1949, an attorney wrote the plaintiff as follows:

"Please be advised that David Grossman, the present lessee under lease covering store premises at 2900 Trumbull avenue, desires to give you formal notice that he intends to exercise, and does hereby exercise, his option to renew said lease for an additional 5 years from and after July 5th, 1949."

The sixth paragraph of the lease, which is the center of dispute in the present controversy, and on which the defendants rely in claiming that they are now the lessees, is as follows:

"That in event he (the lessees) shall hold over after the expiration of the term demised for a sufficient period of time to create a renewal of this lease by operation of law, that any renewal or future right of possession not evidenced by any instrument in writing, executed and delivered by the landlord, shall be a tenancy from calendar month to calendar month and for no longer term. Tenant shall have the option of renewing the lease for an additional 5 years at a rental not to exceed $85 per month by notifying the landlord of his intention to do so in writing 30 days prior to the expiration of this lease."

For a month or 2 after the expiration of the original 5-year term of the lease defendant David Grossman paid the rent but thereafter was in default. No further rent was paid. From October, 1949, to February, 1950, David Grossman sent the plaintiff 5 checks for the rent for October to February, inclusive, all of which were returned unpaid for "not sufficient funds." On March 9, 1950, plaintiff served on the defendants the following notice to terminate tenancy:

"NOTICE TO TERMINATE TENANCY
"*To:* David Grossman and
          Rose Grossman
"Please Take Notice, That you are hereby required to quit, surrender and deliver up possession to me of the premises hereinafter described which you now hold of me as my tenant for the reason that I intend to terminate tenancy and to repossess myself of said premises.

"Said premises are described as follows to-wit: 2900 Trumbull avenue, consisting of ground floor and basement in the city of Detroit, county of Wayne, State of Michigan.

"Reason for Eviction: Nonpayment of rent— [CL 1948, §§ 554.134, 630.12] Stat Ann §§ 26.1104, 27.1986.

"Possession of these premises is demanded on or before April 11, 1950."

Defendants claim that this was a demand for possession or payment of rent, under CL 1948, § 630.12 (Stat Ann § 27.1986), rather than a notice to terminate tenancy. For the reasons hereinafter stated, we are not in accord with that claim.

Immediately after serving on the defendants the above notice to terminate tenancy, plaintiff filed a complaint, in summary proceedings, with the circuit court commissioners for Wayne county. The matter was heard and a commissioner found in favor of

the defendants, from which judgment the plaintiff promptly perfected an appeal to the Wayne circuit court. On the appeal, the circuit judge, after hearing, reversed the judgment of the commissioner and entered a judgment finding the defendants guilty of unlawfully withholding possession of the premises, and adjudging that the plaintiff recover the possession thereof. From that judgment and the denial of a motion for new trial, the defendants appeal.

The crucial question in the case is whether the defendants have any right to possession of the premises, under an extension of the original term of the lease, which expired July 5, 1949. There had been no instrument in writing executed and delivered by the landlord creating a renewal of the lease for an extension of the term. Although the defendants continued in possession after the expiration of the original term, paragraph 6 of the lease expressly provides that such tenancy "shall be a tenancy from calendar month to calendar month and for no longer term." However, the defendants rely upon the provisions of the concluding sentence in said paragraph 6, hereinbefore quoted, claim that they had the option of renewing the lease for an additional 5 years, and that they exercised the option by the notice given to the plaintiff on May 23, 1949, also hereinbefore quoted.

We do not consider said notice to be a sufficient exercise of the option for a renewal of the lease. Passing the question whether the attempt to exercise defendants' option for an extension 43 days, instead of 30 days, prior to the expiration of the lease might be sufficient, there is no showing of any attempt by defendant *Rose* Grossman to exercise her right to a renewal, although she apparently had the right to a ½ interest in the lease as lessee. There is no claim that David Grossman acted for or in behalf

of Rose Grossman, or that he had any right to do so. His purported exercise of the option, in express terms, merely gave notice that he "intends to exercise, and does hereby exercise, *his* option to renew said lease."

"*Several lessees.* A covenant to renew a lease made to more than 1 lessee may not be enforced by one of them for himself, nor can he bind his colessee by his election to renew, unless authority had been vested in him to do so." 51 CJS, § 58, p 601.

See, also, *Howell* v. *Behler,* 41 W Va 610 (24 SE 646); *Dible* v. *Davis,* 52 Pa Super 18.

An option is a mere offer, and acceptance thereof must be made within the time allowed, and in minute compliance with its terms, or the optionee's rights thereunder will be lost, substantial compliance being insufficient to constitute an acceptance. *LeBaron Homes, Inc.,* v. *Pontiac Housing Fund, Inc.,* 319 Mich 310, and cases cited therein.

The defendants claim, however, that the proceedings taken by plaintiff before the circuit court commissioner were to recover possession *or pay the rent.* They claim that instead of being dispossessed they should have the right to continue in possession by paying up the rent. Apparently they base this claim upon the fact that plaintiff, in giving notice of termination of tenancy, cited 2 statutes, under one of which the defendants claim the right to continue in possession by paying the rent. We find such claim without merit. Plaintiff gave the defendants notice to *terminate* tenancy; that defendants were required to surrender and deliver up possession, "for the reason that I intend to terminate tenancy." The statement that the reason for terminating tenancy was nonpayment of rent does not change it into a demand for possession *or* payment of rent.

Appellants claim that there is no provision in the lease for a forfeiture. On the contrary, the second paragraph in the lease expressly so provides.

"The notice and demand of possession operated as an assertion of the intention to forfeit, as well as a notice to quit." *Hogsett* v. *Ellis* (syllabus), 17 Mich 351.

By the terms of the lease, defendants were tenants from month to month for an indefinite period, a tenancy at will subject to termination by 1 month's notice.

"A letting for an indefinite period by the month creates a tenancy at will, and the tenant is entitled to 1 month's notice to quit in order to terminate such tenancy." *Haines* v. *Beach* (syllabus), 90 Mich 563.

In the instant case—neglect or refusal to pay rent on a tenancy at will—the notice served March 9th, to terminate tenancy, was sufficient to terminate the tenancy upon the failure to pay the rent due within the time fixed by the notice (on or before April 11th). *Smith* v. *Detroit Loan & Building Association*, 115 Mich 340 (39 LRA 410, 69 Am St Rep 575).

"The tenancy created by the parol agreement, with the rent payable monthly, could have been terminated by defendant at any time by giving plaintiff a month's notice to quit, expiring on the day of the month the rent became due. CL 1915, § 11812;† *Haines* v. *Beach,* 90 Mich 563." *Ludwigsen* v. *Larsen,* 227 Mich 528.

"Letters by lessor's attorney demanding that lessee then in default vacate the premises *held,* sufficient to constitute notice to quit and termination of the lease pursuant to statute (CL 1929, § 13492, as amended by PA 1935, No 145).† * * *

---

† CL 1948, § 554.134 (Stat Ann § 26.1104).

"A lessee cannot have specific performance of provisions relative to option to purchase property leased after the lessor had terminated the lease while lessee was in default in payment of rent. * * *

"Lessee under lease of land from which gravel was taken, containing option to purchase, was not entitled to specific performance thereof after termination of lease by lessor notwithstanding tender of amount which he claimed was then due under the lease." *MacGlashan* v. *Harper* (syllabi), 299 Mich 662.

Judgment affirmed, costs to appellee.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.