Jean Richard Bernier and David Gomberg, Appellants,
v. Benjamin A. Benson and Vivian E. Benson,
Appellees.

Gen. No. 47,664.

First District, Third Division.
April 22, 1959.
Released for publication June 22, 1959.

 

Harold Orlinsky, Fred Herzog, Gomberg, Levin and Gomberg, of Chicago, for plaintiffs-appellants.

Abraham Rabichow, Maurice A. Frank, of Chicago, for defendants-appellees.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On May 1, 1956 three licensed physicians, Jean Richard Bernier, David Gomberg, and Joseph E. Caliendo, entered into a lease with Benjamin and Vivian Benson for premises located at 4530 North Beacon Street, in Chicago, to be used for the purpose of conducting a nursing and convalescent home under the name of Beacon Crest Nursing Home. The lease was to terminate April 30, 1958, unless renewed for an additional term of five years, in accordance with an option granted by lessors in an attached rider which read as follows: "It is further agreed by and between the parties hereto that the Lessee shall have the right and privilege of renewing the aforesaid Lease for an additional five (5) years upon the paying of Seven Hundred Fifty ($750.00) Dollars a month thereafter and an additional sum of Two Thousand Two Hundred Fifty ($2,250.00) Dollars security for the last three (3) months of the new lease. Notice of renewal must be in writing and given to Lessor ninety (90) days before April 30, 1958." On May 14, 1956, two weeks after the lease was executed, the three physicians formed a partnership in writing which provided that the partnership should become effective as of May 1,

1956 rather than on the date of execution of the agreement. On January 30, 1958 lessees were given an extention of time to February 28, 1958 in which to exercise the renewal option, and on February 24, 1958 they purported to exercise the option by sending the following notice to lessors: "Please be advised that I, Jean Richard Bernier, M.D., on behalf of the Beacon Crest Nursing Home, 4530 North Beacon Street, Chicago, Illinois, do hereby give you notice of renewal of a certain lease dated May 1, 1956, and a rider attached thereto dated May 1, 1956, in accordance with the provisions in paragraph six of that certain rider dated May 1, 1956. It should be understood and agreed as part of the conditions of this renewed lease that in the event a license to operate a nursing home is not renewed through no fault of the lessee, but, as the result of certain complications arising through the actions of the lessor, this lease can be declared null and void at the option of the lessee and said lessee will not be liable to lessor in any amount whatsoever." Plaintiffs' counsel say in their brief that the second part of the notice was prompted by newspaper articles which accused the lessor, Benjamin Benson, who was at that time a city building inspector, of violations of the building code with respect to the leased premises, and charged him with unlawful activities in covering up these violations. Lessors refused to recognize the acceptance of the option by lessees and commenced eviction proceedings against them in the Municipal Court of Chicago. Lessees thereupon filed a complaint in equity in the Circuit Court to restrain the prosecution of that suit.

On May 14, 1958 a temporary injunction was granted by one of the chancellors, restraining lessors from proceeding in any manner with the eviction action, and enjoining them from interfering with the operation of the nursing home. Subsequently, the matter came on for hearing before another chancellor on a motion to

dissolve the injunction. He tried the case on the question whether the notice given by lessees for the purpose of exercising the option was legally effective and, pursuant to hearing, found that the option was not properly exercised, and thereupon dissolved the injunction, but he did not dismiss the complaint which is still pending in the Circuit Court, as is the eviction proceeding in the Municipal Court. Dr. Caliendo has withdrawn from the nursing-home enterprise, and the remaining lessees, Drs. Bernier and Gomberg, appeal from the dissolution order.

█ Although the question is not raised on appeal, we believe that the motion for a temporary injunction should not have been entertained inasmuch as lessees had an adequate remedy at law in the Municipal Court where the forcible-entry proceeding was pending; the validity of the proposed notice to exercise the option could and should have been determined in the Municipal Court.

However, we are called upon to decide only the propriety of the court's order (1) finding that the notice for renewal of the option was invalid, and (2) ordering that the injunction be dissolved.

██ The notice for renewal of the option was signed by Dr. Bernier on behalf of the nursing home. The lessees argue that, in view of the partnership agreement entered into two weeks after the lease was executed (with the effective date made retroactive to May 1, 1956), any one partner could bind the partnership for renewal of the lease. Nowhere in the lease, however, is there a reference to a partnership, or to a trade or firm name. The option for renewal runs to the lessee, and only three individuals, Drs. Bernier, Gomberg and Caliendo are named as lessee. Plaintiffs cite Bratton v. Morris, 54 Idaho 743, 37 P.2d 1097, to support their argument that the lease was the undertaking of the partnership, although it had been executed by the partners under their individual names. That

case is distinguishable in that the lease specifically designates in the body thereof a partnership undertaking. In the case at bar there is no mention of a partnership or of a trade or firm name anywhere in the lease, and, indeed, none existed on May 1, 1956, when the lease was entered into; nor is there any evidence in the record that the lessors knew that the premises were being operated by a partnership. Generally, the right to renew granted by a lease is a renewal on the terms of the original instrument. In the case of Kleros Bldg. Corp. v. Battaglia, 348 Ill. App. 445, plaintiff as lessor entered into a written lease with Battaglia and LaCroix in which the lessee was given the option to renew. The written notice of renewal was signed by Battaglia alone. The court found that, inasmuch as the option ran to both lessees, the notice of renewal was invalid as not having been signed by both lessees, and rejected any partnership agreement as a defense by stating: "Whether the evidence establishes that LaCroix was a mere employee or manager for defendant, or a partner, . . . has no material bearing upon the conclusion reached upon the controlling question." In Gurunian v. Grossman, 331 Mich. 412, 49 N.W.2d 354, the court adopted the language of C. J. S. that " '. . . A covenant to renew a lease made to more than one lessee may not be enforced by one of them for himself, nor can he bind his colessee by his election to renew, unless authority had been vested in him to do so' " (51 C. J. S. Landlord and Tenant § 58), and in support of its holding to this effect also relied on Howell v. Behler, 41 W. Va. 610, 24 S. E. 646, and Dible v. Davis, 52 Pa. Super. Ct. 18. See too Zazzara v. Cassata, 275 App. Div. 615, 92 N.Y.S.2d 62. In the case at bar, lessors relied on the personal integrity and security of three individual signatories, and had the right to look to the same three in connection with the renewal.

■ But even if the notice purportedly accepting the option had been properly signed by the lessees, we think it would still be invalid as being qualified. In his notice of renewal, Dr. Bernier specified "that in the event a license to operate a nursing home is not renewed through no fault of the lessee, but, as the result of certain complications arising through the actions of the lessor, this lease can be declared null and void at the option of the lessee and said lessee will not be liable to lessor in any amount whatsoever." Lessees argue that these qualifications are conditions implied in law and therefore add nothing new to the lease, but, as we read these reservations, it seems indisputable to us that they materially affect the instrument and could nullify it. In 51 C. J. S. Landlord and Tenant § 57, the rule is stated as follows: "In the exercise of the option, the lessee is confined strictly to the terms of the lease in respect of the scope of the privilege conferred; he cannot require the lessor to do more than is called for by the stipulations thereof, and if he does so this is, in effect, a rejection of the offer." This rule is generally accepted in Illinois and elsewhere, as indicated by the following cases: North Chicago St. R. Co. v. Le Grand Co., 95 Ill. App. 435; Gurunian v. Grossman, 331 Mich. 412, 49 N.W.2d 354; Hudson v. Price (Mo.), 273 S.W.2d 518; McDuffie v. Noonan, 176 Wash. 436, 29 P.2d 684; and G. B. Stone Realty Co. v. Perrine, 177 Okl. 119, 57 P.2d 1195.

For the reasons indicated, we think that the chancellor was correct in finding that the notice of renewal was invalid, and in ordering that the injunction be dissolved; accordingly, the order of the Circuit Court is affirmed.

Order affirmed.

BRYANT and BURKE, JJ., concur.