ERICKSON v. BAY CITY GLASS COMPANY, INC.

1. LANDLORD AND TENANT—TERMINATION OF LEASE—NOTICE—STATUTES—TENANT AT WILL OR BY SUFFERANCE—WRITTEN LEASE.
    Plaintiff landlord may not terminate a lease for nonpayment of rent by serving notice as provided by statute relating to estates at will or by sufferance, where defendant is not in possession of the premises as such a tenant, but is in possession pursuant to written lease (CL 1948, § 554.134).

2. EQUITY—FORFEITURES.
    Forfeitures are not favored and generally equity will relieve against them.

3. LANDLORD AND TENANT—FORFEITURE OF LEASE—COMMON LAW.
    The forfeiture of a written lease not containing a provision for the mode of its forfeiture or for notice of the lessor's election to forfeit it, must be effected according to recognized rules of the common law as modified by statute (CLS 1961, § 600.5634).

4. SAME—FORFEITURE OF LEASE—STATUTES.
    Finding of trial court that plaintiff lessor was not entitled to terminate written lease for nonpayment of rent by serving notice of termination as provided by statute relating to tenancy at will or by sufferance, since that statute applies only to tenancy at will or by sufferance *held*, correct, where lease involved did not create a tenancy at will or by sufferance, and does not specifically provide a mode of effecting a forfeiture (CL 1948, § 554.134).

Appeal from Bay, Theiler (John X.), J. Submitted Division 3 December 7, 1966, at Grand Rapids. (Docket No. 2,193.) Decided March 14, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 32 Am Jur, Landlord and Tenant § 847 *et seq.*
[2] 27 Am Jur 2d, Equity § 77 *et seq.*

Complaint by August B. Erickson and Mary I. Erickson against Bay City Glass Company, Inc., to terminate a lease of business premises for non-payment of rent. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Milton E. Higgs,* for plaintiffs.

*Peter G. Seward,* for defendant.

FITZGERALD, J.    The agreed statement in the case reveals the following facts:

In April of 1957, the plaintiffs rented commercial premises at 1211 N. Madison street in Bay City, Michigan, to Robert E. Wieland and Betty G. Wieland, his wife, under a written lease providing for a term of 2 years with a renewal option for 10 years, which was exercised.

By virtue of a sublease agreement dated October 1, 1962, the Wielands sublet the premises to Bay City Glass Company, Inc.

For the purposes of this appeal, it is immaterial that there was a subleasing, and the landlord is hereinafter referred to as Erickson, and the tenant shall be referred to as Bay City Glass.

Bay City Glass failed to pay the monthly payment of rent in the amount of $200 when due September 1, 1965. On September 3, 1965, in the morning, Erickson served on Bay City Glass a notice to terminate tenancy, the wording of which was as follows:

"NOTICE TO TERMINATE TENANCY.
"*To: Bay City Glass Co., Inc.*
"PLEASE TAKE NOTICE That you are hereby required to quit, surrender and deliver up possession to us of the premises hereinafter described which you now hold of us as our tenant for the reason that we intend to terminate tenancy and to repossess ourselves of said premises.

"Said premises are described as follows, to-wit: 1211 N. Madison avenue, consisting of a building and premises located in the city of Bay City, county of Bay, State of Michigan.

"Reason for eviction: Nonpayment of rent—(CL 1948, § 554.134 [Stat Ann 1953 Rev § 26.1104]).

"Possession of these premises is demanded on or before September 14, 1965.

"This demand for possession is not intended to give you any right to continue in possession until September 14, 1965, if you do not have such right in view of prior demands and circumstances, but is in addition to prior demands for possession and without any intention of waiving any prior rights to possession based on prior facts and circumstances.

"Dated: September 3, 1965.

      AUGUST B. ERICKSON and MARY I. ERICKSON
      By: /s/MILTON E. HIGGS
        Milton E. Higgs
        Their Attorney"

In the afternoon of September 3, 1965, Erickson received in the mail a check for $200 from Bay City Glass, which was promptly returned.

Portions of the lease which either one or the other of the parties claim to be applicable are as follows:

"In case any rent shall be due and unpaid as herein provided for, or if said leased premises shall be deserted or vacated, then it shall be lawful for landlord, his representatives and assigns, to re-enter into, repossess said premises and the tenant and each and every occupant to remove and put out, in accordance with the laws of the State of Michigan in such cases made and provided;   *   *   *

"The landlord covenants that tenant, upon paying the rent and performing the covenants upon their part to be performed hereunder, shall and may peaceably and quietly have, hold and enjoy the premises herein demised during the term hereof.   *   *   *

"One or more waivers of any covenant or condition by the landlord shall not be construed as a waiver of a further breach of the same covenant or condition."

It has been agreed that for the purposes of this appeal the receipt of the rental check in the mail the afternoon of September 3, 1965, be considered tender of said payment.

A review of the briefs and record demonstrates that neither party has distilled the question into a succinct, all-encompassing statement of the issue involved.

Appellants submit the question as follows: "Where a written lease reserves to the landlord the right to re-enter for nonpayment of rent, must the notice to quit include an option to pay the rent in the alternative of surrendering possession?" They further point out that the trial court answered this question "yes" and they contend that the answer should be "no".

Appellee rephrases the question thus: "Where a written lease reserves to the landlord the right to re-enter for nonpayment of rent, but does not allow cancellation of same for nonpayment of rent, may the landlord declare a forfeiture of the lease without first giving the tenant seven days' notice to pay the past due rent?" To this proposition they point out that the trial court said "yes" and that they say the answer is "yes".

Neither side seems to have the issue totally in focus. More simply stated, we need only ask whether plaintiffs properly employed CL 1948, § 554.134 (Stat Ann 1953 Rev § 26.1104) in their attempt to terminate defendant's tenancy of the premises in question.

To the question stated this way, we think the answer must be "no" and in so doing, agree with

the opinion of the trial court which adequately sifts out the issues and decides it correctly. The key words in that statute, "estates at will or by sufferance," appear to establish that this method may not be used in determining a lease such as is before us.

The following portions of the opinion of the trial court we adopt as the opinion of this Court, stating as it does the proper resolution of the case.

"Plaintiffs further argue that this notice to the defendant was specifically a notice of termination of the tenancy under CL 1948, § 554.134 (Stat Ann 1953 Rev § 26.1104) and specifically that they did not give notice demanding possession or in the alternative payment of rent as provided under CLS 1961, § 600.5634 (Stat Ann 1962 Rev § 27A.5634). The difficulty with this position is that CL 1948, § 554.134 (Stat Ann 1953 Rev § 26.1104) specifically provides in part as follows: 'All estates at will or by sufferance may be determined by either party.' The defendant is not in possession of the premises in question as a tenant at will or by sufferance but in possession pursuant to a written lease as a sublessee of a written lease. The plaintiffs' right in this question is not determined by the laws relating to tenancy at will or by sufferance but rather is to be determined and measured by the terms of its original written lease with the Wielands.

"In *Gurunian* v. *Grossman* (1951), 331 Mich 412, cited by both plaintiff and defendant, the Court specifically held that the written lease had not been renewed by a purported election to exercise an option. Instead the Court ruled, at page 418 'by the terms of the lease defendants were tenants from month to month for an indefinite period, a tenancy at will subject to termination by one month's notice.'

"The lease in our case does not specifically provide a forfeiture clause, although there is provided a right of entry clause. In *Hersey Gravel Co.* v. *Crescent Gravel Co.* (1933), 261 Mich 488, the lessor

did not have the right to declare a lease forfeiture for nonpayment of rent in the absence of a provision therefor in the written lease. As stated at page 492, 'There was nothing in the course of dealing of the parties indicating that the failure to pay rent by the lessee promptly should *ipso facto* work a forfeiture.' Forfeitures are not favored and generally equity will relieve against them. For a general consideration of the principles see 15 Callaghan, Civil Jurisprudence, 'Landlord and Tenant,' § 43 at page 428 and also 15 MLP of the chapter 'Landlord and Tenant,' chapter 8 at page 254 entitled 'Termination of relationship or tenancy,' § 131. We note at page 261 [of MLP] the following: 'Where no provision is made in a lease containing a forfeiture provision for the mode of its forfeiture or for notice of the lessor's election to forfeit it, he must proceed according to recognized rules of the common law as modified by statute.' This is especially relevant in view of the paragraph in the lease which provides for a right of re-entry under certain conditions by the landlord but to be 'in accordance with the laws of the State of Michigan in such cases made and provided.'

"Since the lease does not provide for a tenancy at will or by sufferance, termination thereof may not be in accordance with CL 1948, § 554.134 (Stat Ann 1953 Rev § 26.1104), since this law of the 'State of Michigan therein provided' does not apply to other than such estates. Accordingly plaintiffs' remedy would be under the other CLS 1961, § 600.5634 (Stat Ann 1962 Rev § 27A.5634), which specifically provides for a method of determination for nonpayment of rent. Plaintiff very dogmatically is not proceeding and has not proceeded pursuant to this statute.

"Accordingly, plaintiff was not justified in attempting to terminate the lease for this reason.

"In conclusion then it is the finding of the court that the plaintiff has not sustained the burden of proof in showing a material breach of the lease and

accordingly judgment is to be entered in favor of the defendant of 'no cause for action'."

We agree with the reasoning and conclusion of the trial court as stated. Under these facts and circumstances, no breach of the lease has been presented which would afford plaintiffs grounds for the termination of the lease which they seek.

Affirmed. Costs to appellees.

QUINN, P. J., and HOLBROOK, J., concurred.