**In re O.H. HOLDING CO., Debtor.**

**Bankruptcy No. 91–30405.**

United States Bankruptcy Court,
E.D. Michigan, N.D.

Oct. 22, 1991.

Jerome C. Kole, Midland, Mich., for Hickory Inn, Inc.

Daniel C. Himmelspach, Saginaw, Mich., for debtor.

## MEMORANDUM OPINION REGARDING MOTION FOR APPROVAL OF ASSUMPTION OF LEASE

ARTHUR J. SPECTOR, Bankruptcy Judge.

On July 21, 1988, Hickory Inn, Inc. (Hickory) and O.H. Holding Co. (Debtor) entered into an agreement whereby Hickory leased property to the Debtor which the Debtor operates as a restaurant. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 9, 1991, and subsequently moved to assume the lease pursuant to 11 U.S.C. § 365(a). Hickory opposed the motion, and a hearing was held on July 18, 1991. At this hearing, I ruled that the Debtor had complied with its obligations under § 365(b)(1), and that its motion should accordingly be granted so long as the lease had not, as Hickory contended, been effectively terminated prior to the filing of the Debtor's bankruptcy petition. The parties briefed this issue and, for the reasons which follow, I now conclude that the lease had not been terminated pre-petition.

Hickory maintained that the Debtor had breached the lease by failing to pay certain property taxes relating to the leased premises. On January 14, 1991, Hickory served the Debtor with notice of such default. Pursuant to paragraph 25 of the lease, the Debtor had 30 days to correct the default. Hickory claimed that the Debtor's rights in the lease were terminated by a letter dated February 19, 1991, in which Hickory advised the Debtor's attorney that Hickory "elects to exercise it's [sic] rights to reenter and repossess the premises as provided [under the terms of the lease]." The Debtor countered with three reasons why I should conclude that a forfeiture was not effected: (1) the Debtor was not in breach; (2) the lease does not contain a forfeiture clause; and (3) the Debtor's rights in the lease were not foreclosed by judicial process. Because the first of these contentions involves issues of fact which have not been tried, I have only considered the latter, purely legal arguments.

As noted in 15 *Michigan Law & Practice*, Landlord and Tenant § 134 (1991) "the word 'forfeiture' refers to the right of the lessor to terminate the lease because of a breach of covenant or some other wrongful act of the lessee...." *See also McPheeters v. Birkholz*, 232 Mich. 370, 376–77, 205 N.W. 196 (1925). Absent a provision which expressly grants the landlord the right to forfeit the lease—i.e., to terminate the lessee's tenancy—the landlord's remedy in the event of default is generally limited to "a right of action for

damages or a decree for specific performance." 2 *Cameron,* Michigan Real Property Law § 20.49 (1990).

In determining whether the lease at issue here contained a valid forfeiture clause, the relevant provision is paragraph 25, which states in its entirety as follows:

> DEFAULT AND RE–ENTRY: In case any rent shall be due and unpaid or if default be made in any of the covenants herein contained, or if said leased premises shall be deserted or vacated, then it shall be lawful for LANDLORD, its certain attorney, heirs, representatives and assigns, to re-enter into and repossess the said premises and TENANT and each and every occupant to remove and put out. Under any condition, however, it is agreed that in case of any default, LANDLORD will give TENANT thirty (30) days prior written notice of said default and the opportunity to correct same, rather than an immediate default without notice.

The Debtor argued that, contrary to Hickory's contention, the foregoing provision was not a forfeiture clause because it does not explicitly grant Hickory the right to declare a forfeiture or termination of the lease.

In a case involving a lease with a default provision almost identical to paragraph 25, the Supreme Court rejected substantially the same argument as the Debtor now raises:

> Appellants claim that there is no provision in the lease for a forfeiture. On the contrary, the second paragraph in the lease expressly so provides.

> "The notice and demand of possession operated as an assertion of the intention to forfeit, as well as a notice to quit." *Hogsett v. Ellis* (syllabus), 17 Mich. 351.

*Gurunian v. Grossman,* 331 Mich. 412, 418, 49 N.W.2d 354 (1951).[1]

Although nearly devoid of analysis or discussion of the issue, *Gurunian* appears to hold that, just as a landlord's notice of intention to regain possession is equivalent to a notice of intention to forfeit, so too a clause in a lease which confers on the landlord the right of re-entry in the event of default is in essence a forfeiture provision. In *In re State Hwy. Comm'r,* 365 Mich. 322, 112 N.W.2d 573 (1961), the Supreme Court seemingly reffirmed *Gurunian* in *dictum* regarding a lease which contained neither a re-entry nor an express forfeiture provision. *Id.* at 335, 112 N.W.2d 573 ("The fact that the parties did not incorporate in their written undertaking any provision in terms granting the right of re-entry in the event of an assignment, ... or for forfeiture of the lessee's interest *in any other manner,* is significant." (emphasis added)). It appears, however, that *Gurunian's* "holding" may itself have been *dictum.*

After stating that the lease did in fact contain a forfeiture provision, the court in *Gurunian* went on to conclude that the failure of the tenants to properly exercise their right to renew the lease prior to expiration of the original term meant that, under the terms of the lease, a tenancy at will was created. 331 Mich. at 418, 49 N.W.2d 354 ("By the terms of the lease, defendants were tenants from month to month for an indefinite period, a tenancy at will subject to termination [under Mich.Comp.Laws § 554.134 [2]] by 1 month's notice."). Because a contractual right to declare a forfeiture is not needed in order to terminate

---

[1]. The default provision quoted in *Gurunian,* 331 Mich. at 413–14, 49 N.W.2d 354, is not identified by the court as the "second paragraph" of the lease, but a review of the tenant's appellate brief confirms that this provision is in fact contained in paragraph two of the lease. *See* 331 Mich. S.Ct. Records and Briefs, pp. 412–68, brief of defendants and appellants at p. 9. And although the record in the foregoing reference does not include a copy of the lease itself, the way in which the parties framed their respective oral and written arguments leaves little doubt that paragraph two of the lease consisted exclusively of the default provision quoted in the court's published opinion. *See id.,* brief of plaintiff and appellee at p. 25, transcript of testimony at pp. 15, 29 and 35.

[2]. When *Gurunian* was decided, that statute provided in pertinent part that "[a]ll estates at will or by sufferance may be determined by either party by 1 month's notice." CL 1948, § 554.134.

such a tenancy pursuant to § 554.134,[3] the validity of the lease's purported forfeiture clause was not outcome-determinative in *Gurunian.*

The picture is further clouded by a subsequent decision in which the Court of Appeals distinguished forfeiture clauses from reentry clauses. *See Erickson v. Bay City Glass,* 6 Mich.App. 260, 264–65, 148 N.W.2d 894 (1967). As remarked in *Cameron, supra* at § 20.51, *Erickson* seems to stand for the proposition that a re-entry clause does not give the landlord a contractual right to declare a forfeiture. But *Erickson* expressly limited its holding to the issue of whether the landlord could terminate the tenancy pursuant to Mich.Comp.Laws § 554.134. 6 Mich.App. at 263, 148 N.W.2d 894. That issue was decided against the landlord based solely on the court's conclusion that the lessee's default did not render it a tenant at will or by sufferance pursuant to the terms of the lease. *Id.* at 265, 148 N.W.2d 894. The court's statements regarding the forfeiture/re-entry distinction are therefore *dicta,* and rather cryptic *dicta* at that.

■ In short, neither *Gurunian* nor *Erickson* definitively resolves the question of whether a landlord can declare a forfeiture on the strength of a re-entry provision. No other relevant Michigan decisions have been cited or found. Fortunately, however, I need not decide this question because, for reasons to be discussed, I conclude that the Debtor must prevail regardless of whether paragraph 25 of the lease constitutes a valid forfeiture clause. *Cf. In Re Frank Kunik Farms, Inc.,* 86 B.R. 907, 910 n. 4 (Bankr.E.D.Mich.1988) ("If a case can be decided without resolving an unsettled question of state law, a federal court should be reluctant to declare state-created rights or remedies.").

■ The Debtor's third major argument stresses the fact that the lease was not terminated pursuant to the applicable statutory procedure. In this regard, it bears emphasizing that, even if a landlord has taken steps to terminate a lease prior to the filing by the tenant of a bankruptcy petition, the tenant may still avail himself of his right to assume under § 365 if, as of the petition date, he possesses a right under state law to redeem or otherwise reinstate the lease according to its terms. *See In re Waterkist Corp.,* 775 F.2d 1089, 1091 (9th Cir.1985); *In re GSVC Restaurant Corp.,* 10 B.R. 300, 302, 6 B.C.D. 295, 1 C.B.C.2d 991 (S.D.N.Y.1980); *In re Shelco, Inc.,* 107 B.R. 483, 485, 22 C.B.C. 194 (Bankr.D.Del.1989); *cf. In re Carr,* 52 B.R. 250, 259, 13 C.B.C.2d 640 (Bankr.E.D.Mich. 1985) ("[S]o long as a [land contract] purchaser has filed bankruptcy prior to the expiration of the applicable redemption period after a land contract forfeiture judgment has been entered, he or she is protected by the automatic stay....").[4]

Assuming *arguendo* that Hickory is correct in its assertion that the Debtor's contractual right to possess the premises was terminated on February 19, 1991, the Debtor is still not precluded from assuming the lease under § 365 unless such right was irretrievably lost under state law before it filed its bankruptcy petition. Hickory properly did not so contend.

The procedure for regaining possession of leased premises is codified at Mich. Comp.Laws. § 600.5701 *et seq.* In utilizing this procedure, the landlord's objective is to obtain a judgment for possession, Mich. Comp.Laws § 600.5741, pursuant to which is issued a writ of restitution "commanding the sheriff ... to cause the plaintiff to be restored and put in full possession of the premises." Mich.Comp.Laws § 600.-5744(1). But if, as would be the case here, the judgment for possession is based on the tenant's non-payment of money due under a lease, the tenant has an absolute right to

---

3. Indeed, a tenancy at will is by definition "terminable at the desire of either party." *Cameron, supra* at § 20.03.

4. One premise underlying *Carr*—that land contracts are in essence security agreements rather than executory contracts—was of course subsequently rejected by the Sixth Circuit. *See In re Terrell,* 892 F.2d 469 (6th Cir.1989). The rationale of *Carr* is nevertheless relevant here, as the same basic statutory scheme applies to "landlord-tenant eviction cases as well as to land contract forfeiture cases." *Carr,* 52 B.R. at 252.

cure the arrearage within 10 days following entry of the judgment, Mich.Comp. Laws § 600.5744(4), thereby precluding issuance of the writ. Mich.Comp.Laws § 600.5744(6). *See Birznieks v. Cooper*, 405 Mich. 319, 329–30, 275 N.W.2d 221 (1979) ("A judgment for possession is ... subject to the redemption rights of the ... tenant. No agreement between the parties can deprive a ... tenant of his right to cure the default.... The ... tenant now exercises the statutory right, a right which can be diminished neither by the express nor the implied terms of the contract.").

Thus, even if Hickory had obtained a prebankruptcy judgment for possession pursuant to the foregoing statutory scheme, the Debtor's right to redeem the lease would not be foreclosed until expiration of the 10–day post-judgment period specified in Mich. Comp.Laws § 600.5744(4).[5] Because Hickory did not even commence judicial proceedings before the Debtor's bankruptcy petition was filed, it is clear that the lease was not effectively terminated pre-petition for purposes of 11 U.S.C. § 365. *Cf. Gruskin v. Fisher*, 405 Mich. 51, 65, 273 N.W.2d 893 (1979) (A land contract seller's notice of forfeiture is essentially nothing more than notification "that the seller is impatient and is about to take action because of the delinquency."). The lease was therefore subject to assumption under § 365, and an order will enter granting the Debtor's motion for approval of assumption of the lease.

See also 131 B.R. 808.

---

**5.** For the same reasons stated in *Carr* regarding applicability of the automatic stay, 52 B.R. at 255–57, the expiration of the redemption period, rather than the issuance of the writ of restitu-tion, is the more appropriate reference point in determining whether a debtor may assume a lease under § 365.